Statement of the case.

CATO F. THEOBALD ET AL v. ANDRE DESLONDE ET AL.

[46 South. 712.]

1. GUARDIAN AND WARD. *Sale of ward's land. Code* 1892, § 2205 (*Code* 1906, § 2422). *Chancery court. Jurisdiction. Summons on next of kin of ward. Void sale.*

Under Code 1892, § 2205 (Code 1906, § 2422), requiring three near relatives of the ward to be summoned, if there be so many in the state, on petition by the guardian for a decree authorizing him to sell the ward's land, a petition for the sale of land belonging jointly to three wards, showing that each of them reside in this state, and that they are a brother and sisters, will not support a decree and sale where neither was summoned as a near relative of the other, although the petition alleges, contrary to its own averments, that the wards had but one near relative in the state and he was summoned.

2. SAME. *Misdescription of land. Effect.*

The pretended sale by a guardian of lands in a designated section, as the property of his wards, is void where the wards owned no land in that section but owned lands in a different section, although the land sold was further described as "commencing at the southeast corner of land owned by" a designated person "on the Gulf of Mexico" and as "being the same land conveyed by" a specified deed "recorded in" a specified book on a designated page, no such deed being there recorded.

3. SAME. *Void decree. Collateral attack.*

Innocent purchasers for value of land sold under a voidable decree will be protected against a collateral attack upon the decree, but, if a decree be void, it is subject to be attacked collaterally as well as by direct proceedings.

FROM the chancery court of Harrison county.

HON. THADDEUS A. WOOD, Chancellor.

Deslonde and others, appellees, were complainants in the court below; Theobald and another, appellants, were defendants there. From a decree overruling their demurrer to the complainants' bill the defendants appealed to the supreme court.

The appellees, the three children of Mrs. Belle Deslonde, al-

leged in their bill that in 1890, by the will of their deceased grandmother, a life estate in certain land in section 35 of a designated township and range in Harrison county was devised to their mother for her life, with remainder therein to themselves in fee; that in 1901 their mother, who was at the time their legally appointed guardian, filed a petition in the chancery court for the sale of the land, erroneously describing it as being in section 3 of the same township and range, averring that a sale of the land was to the interests of the children, the appellees, as the rents and profits of the land were insufficient for the maintenance and education. The prayer of the petition was as follows: "that citation issue as directed by law and also to A. M. Dahlgren as provided by Code 1892, § 2205, he being the only next of kin residing in said state, and that the said land be sold as may be directed by this court." Citation was issued and summons served upon A. M. Dahlgren, he being a cousin of the petitioner, and she afterwards married him. He prepared the petition and there was no service of summons upon any other near relatives of the wards, nor upon any of the wards themselves. When the petition for the sale was filed, one of the wards, appellee Andre Deslonde, was absent, being in the United States navy and another of the appellees was self supporting, and a sale of the land was unnecessary for the support and maintenance of the wards. The description of the land in the petition and in the decree of sale was erroneous in designating it as in section 3, when it was in section 35, and, although further described as being a tract commencing at the southwest corner of a lot owned by one Morgan facing the Gulf of Mexico, and being the land described in a certain deed book on a certain page, yet, as Morgan owned several lots facing on the Gulf of Mexico, and as the designated volume and page of the deed book disclosed no such description, the land could not be identified. The bill charged that the defendants claimed title to land in question under the sale decreed upon the aforesaid petition, and that, as against complainants it was invalid, and prayed that the claims

of defendants to the land be cancelled as a cloud upon complainante' title.

On the hearing of the demurrer it was agreed of record that the appellants were *bona fide* purchasers for value, and, except as to matters apparent of record in the county, they had no knowledge of the facts set up in the bill.

*Harper & Harper,* for apellants.

It was not obligatory on the appellants, in examining the title before purchasing, to look back further than the decree ordering sale of the land. It is not for a purchaser to determine whether the court was mistaken where it had jurisdiction of the matter, and no appeal therefrom was prosecuted. The decree of sale could be reversible only on direct appeal therefrom, and not collaterally in another and subsequent suit. *Thompson v. Tolmie,* 2 Peters 167, 7 L. Ed. 385; *McNitt v. Turner,* 16 Wall. 352, 21 L. Ed. 345; *United States v. Arrendondo,* 6 Peters 691, 8 L. Ed. 554.

It is a universal principle that, where power or jurisdiction is delegated to any public officer or tribunal over a subject matter, and its exercise is confided to his or their discretion, the acts so done are binding and valid as to the subject matter; and individual rights will not be disturbed collaterally because of anything done in the exercise of such discretion within the authority conferred. As the appellants were innocent purchasers for value, they must be protected as against the appellees' collateral attack on the decree whereby the land was sold. *Nash v. Williams,* 20 Wall. 226, 25 L. Ed. 259; *Voorhees v. Jackson,* 10 Peters 450; *Mohr v. Manierre,* 101 U. S. 426; *Thaw v. Falls,* 136 U. S. 519; *Colorado, etc., Co. v. United States,* 123 U. S. 307; *United States v. California, etc., Land Co., v. United States,* 148 U. S. 31. See also *Price v. Martin,* 46 Miss. 499; *Fitzpatrick v. Beall,* 62 Miss. 249.

The facts set forth in the petition for sale reasonably showed that a sale of the land was absolutely necessary for the support

and education of the wards, and that they had no income from the land, and the petition was sworn to; and this constituted all necessary under the statute law to give authority to the court to order a sale. See Code 1892, § 1297.

As regards the contention that the land in controversy was not sold, since there was a misdescription in the government section, we call the court's attention to its being also and more particularly described as being situated near the property of one Morgan and also as "being a part of the land conveyed by Tyler to Hollingsworth by deed dated August 25, 1873, recorded in said county in deed book No. 8, page 217." This latter description remedied the matter. *Bowers v. Andrews,* 52 Miss. 597; *Tucker v. Field,* 51 Miss. 194.

*Ford, White & Ford,* for appellees.

The petition for sale of the appellees' land was filed under Code 1892, § 2205, and not under Code 1892, § 2197. The petition does not recite that "the personal estate and the rents and profits of the real estate are not sufficient for the maintenance and education of the ward," as required by Code 1892, §2197, and hence the case of *Fitzgerald v. Beall,* 62 Miss. 244, is not applicable. It will be noted that the petition for sale closed with the prayer that Dahlgren, as the next of kin, should be cited as required by Code 1892, § 2205.

While it is true that the allegations of the petition very nearly met the requirements of Code 1892, § 2197, they did not come entirely within its requirements, at least in so far as two of the appellees were concerned, for the reason that although they were minors yet they were self-supporting, Andre Deslonde in fact assisting in the support of his mother and minor sister by remittances while absent from his home. But, even if all of the requirements of Code 1892, § 2197, had been met, so far as the allegations of the petition were concerned there could be no authority for authorizing the joint sale of land owned jointly by several wards for their joint support, but instead the necessity for

the sale of the interest of each ward for such ward's support must be shown.

Code 1892, § 2205, provides that when a petition is filed setting forth why a sale of land would be beneficial to the ward who owns it, a "summons shall issue for at least three of the near relations of the minor, if there be so many in the state." If this sale of land as made under this statute, it was and is void because the three next of kin were not served, for while the petition alleged that the three minors had no other relatives in the state, except Dahlgren, the attorney who promoted the sale, yet it also states that the appellees were brothers and sister; and therefore, under the statute, each minor had the right to have the other two cited as his or her next of kin.

The statute does not require the next of kin to be adults, and it cannot be contended that, if the interest of one of the minors alone had been sold, it would not have been necessary to summon the other two minors. Then, if the interest of one ward could not have been sold without citing the other two, how could the interests of all three wards be sold without citing any of them?

The error in the description of the land sold was not corrected by the additional description. There may have been an indefinite number of lots owned by Morgan facing on the Gulf of Mexico. And the bill alleges that the reference to Deed Book and page show nothing to throw light on the description, the scrivener having evidently made a mistake in his reference to deed book and page.

WHITFIELD, C. J., delivered the opinion of the court.

The petition under which this land was sold was manifestly bottomed on Code 1892, § 2205 (Code 1906, § 2422), and just as manifestly, was not brought under Code 1892, § 2197, (Code 1906, § 2413). The petition itself expressly prays for process for three near relatives of the minors to be served under this section 2205, naming the section. The allegations required to be made under section 2413, to the effect that, if the personalty

·of the estate and the rents and profits of the real estate are not sufficient for the maintenance and education of the ward, the court may, on investigation, decree the sale, etc., are not in the petition in this case; so that it is perfectly clear that the effort was to sell the land under and by virtue of the provisions of Code 1892, § 2205; and yet the record discloses affirmatively the fact that no summons was issued or served, except upon Dahlgren, who procured the sale. It is true the petition alleges that these three minors had no other relative in the state, except A. M. Dahlgren; but it also shows plainly that these three minors were brothers and sister, and we think it is clear under this statute that in such case each minor had the right to have the other two ·cited as its next of kin. As well said by counsel for appellees, if the interest of only one of the minors had to be sold, it would certainly have been necessary to summon the other two, and, if the interest of one could not be sold without citing the other two surely the interest of all could not be sold without citing any one of the three. We think the order of sale was absolutely null and void for this reason. The court had no jurisdistion over the parties.

The record further discloses affirmatively that the land is really located in section 35, whereas the petition and the decree for the sale of the land both describe the land as in section 3. The additional effort to fix the description by showing that the land commenced at the southwest corner of land owned by Morgan on ·the Gulf of Mexico is unavailing. There might have been a dozen such lots of that size beginning on the Gulf of Mexico. Nor is the matter helped by the reference to the land as being the ·same land conveyed by Tylor to Hollingsworth by deed dated August 25, 1873, and recorded in the record of deeds of said ·county in Book 8, page 217, for the obvious reason that page 217 ·of Book 8 contains the record of no such deed. It thus appears that the record affirmatively discloses that the land actually belonging to the minors was not sold or conveyed at all. No

title whatever passed, of course, since the petition and the decree both recited the land which the decree ordered to be sold to be in section 3, when in truth the land intended to be sold was in section 35. For this reason, also, the decree is an absolute nullity, since it conveyed no title whatever to the land the minors really owned, but was an effort to sell land in section 3, which was not the land belonging to these three minors.

The brief filed by the learned counsel for the appellants announces a very familiar and elementary rule of law, that these innocent purchasers for value without notice would be protected as against any collateral attack on this decree for the sale of the lands, if such decree was merely voidable or irregular; but the other principle is equally well settled, to wit, that, where a decree is absolutely null and void, it is subject to attack anywhere, collaterally or otherwise. We have several times pointed out the distinction between the jurisdiction of a court over the subject-matter generally and the power of a court having jurisdiction over a subject-matter generally to exercise that jurisdiction in a particular way. See, for a full discussion of this subject, the opinion of this court in *Chester Burden v. State,* 92 Miss., 45 South. 1. Of course, the chancery court had jurisdiction generally to entertain petitions under Code 1892, § 2205, to sell the lands of minors under the conditions prescribed by that statute; but the exercise of that general jurisdiction, in order to be valid, had to be in conformity with the law as announced in section 2205. Three of the near relatives had to be cited and the court had no power to make a sale at all without conforming to this requirement, and the decree of sale, therefore, when the record itself affirmatively discloses the fact that there was no compliance whatever with this requirement, was a decree beyond the power of the court to enter. It was absolutely null and void; not merely irregular. And so, also, the decree of the court to sell land that did not belong to these minors passed no title whatever, and, for that reason, also, the decree was void. The distinction, as

stated in the outset, is between a decree which is merely irregular, and which cannot, of course, be assailed collaterally, and a decree which is absolutely null and void, which may be assailed anywhere.

*Affirmed.*