ESTATE OF GEORGE JONES, N. C. M., ETC. *v.* CULLEY, et al.

No. 41988     November 13, 1961     134 So. 2d 723

*William L. Higgs,* Jackson, for appellant.

*Watkins, Pyle, Edwards* & *Ludlam,* Jackson, for appellees.

McGEHEE, C. J.

The appellant George Jones, a non compos mentis, suing by his guardian Henry Towns, and Mary Jones Coleman, a non compos mentis and sister of the said George Jones, by her guardian Sandy R. King, were on the 28th day of September 1959 engaged in litigation with the appellees Lewis L. Culley and others in an attack on the validity of a sale by deed of 26.3 acres of land situated in the First Judicial District of Hinds County, Mississippi, on the ground that the wards were mentally incompetent to execute a valid conveyance and that the land was sold for an inadequate consideration.

On the 28th day of September 1959, in cause No. 56,-174, the said wards, acting by and through their attorneys of record, filed in the Chancery Court of the First Judicial District of Hinds County, Mississippi, the following motion:

"Come complainants in the above styled and numbered cause by and through their attorneys of record and move that the above styled and numbered cause be dismissed with prejudice and at the cost of defendants as an amicable settlement has been reached."

On that same day Chancellor S. V. Robertson, Jr., entered a decree dismissing said litigation and reciting in his decree the following: "With prejudice and at the cost of defendants as an amicable adjustment has been arrived at between the parties, and it appearing to the court, and the court having found that it has jurisdiction of the parties and subject matter involved, and all parties are now before the court and the above styled

and numbered cause should be dismissed with prejudice and at the cost of the defendants."

Thereafter on the 8th day of November 1960, Chancellor W. T. Horton entered a decree in the instant suit, Estate of George Jones, N.C.M., by William Higgs, Guardian, v. Lewis L. Culley, et al, No. 58,318 in the Chancery Court of the First Judicial District of Hinds County, Mississippi, reciting the names of the parties defendant to the suit and reciting further: "In the above styled and numbered cause in open court and with attorneys for complainant and defendants being present, and an oral argument and documentary evidence being presented, it appears to the court and the court finds that: 'The plea in bar should be sustained and the bill of complaint dismissed at cost of complainant'."

Section 422, Code of 1942, provides, among other things, that: "Guardians may be empowered by the court, or chancellor in vacation, to sell or compromise claims due their wards, on the same proceedings and under the same circumstances prescribed in reference to the sale or compromise by an executor or administrator of claims belonging to the estate of a deceased person. * * *."

Likewise Section 607, Code of 1942, provides, among other things, that: "The court, or chancellor in vacation, on petition for that purpose, may authorize the executor or administrator to sell or compromise any claim belonging to the estate which cannot be readily collected; * * *."

The appellant invokes as a direct authority in the instant case what was said by the court in the case of Union Chevrolet Co. v. Arrington, et al, 162 Miss. 816, 138 So. 593. But we think that the factual situation involved in the case of Chevrolet Co. v. Arrington, supra, is materially different from the facts in the instant case. For instance, that case involved the settlement of a claim for personal injuries to and the death of Will

Arrington, the husband of Frances Arrington, who sued in her own behalf and as next friend of her seven minor children. Will Arrington was killed in a collision when a truck operated by an employee of the appellant Union Chevrolet Company collided on a public highway with another truck on which Will Arrington was riding. The court in its opinion said: "As shown by the *undisputed* proof the collision was the result of the negligence of the appellant's said employee." (Emphasis supplied). The Court further said that: "The testimony discloses that the petition for the settlement was presented to the chancellor by one of the attorneys for the appellant, and that the only witness produced, or who was then made available to the chancellor, was the driver of appellant's said truck, this driver being the person who was at fault in causing the injury and death. There is nothing in the present record which shows what statement the said witness made to the chancellor. The decree of the chancellor recites however that the chancellor having heard the evidence finds 'that the outcome of the cause of action against the said Union Chevrolet Company by the said wards herein named is doubtful'." The decree of the Chancellor there under review was void on its face, since the claim could not have been a doubtful one if the proof was undisputed that the collision was the result of the negligence of the Union Chevrolet Company's employee.

The suit in Chevrolet Co. v. Arrington, supra, was brought before Chancellor A. B. Amis to set aside a decree rendered by the former Chancellor G. C. Tann in October of 1929. In the suit to set aside the said decree it was alleged in the petition before Chancellor Amis "That at the time the petition for the settlement of the claims of the minors was presented to the Chancellor (Tann), the latter by reason of an illness was not then capable of intelligent action upon said petition and that the rights of said minors were not protected

in the alleged hearing of said petition, and in fact the said proceeding was a fraud upon said minors." No fraud is alleged in the instant case.

We do not have a similar factual situation in the case at bar. Here the appellees alleged that they paid a very substantial consideration for the property in question, which the record does not show to have been inadequate on the day of the purchase, May 27, 1955, and the litigation against the appellees was dismissed upon motion of the attorneys of record of the guardians of the said two wards on September 28, 1959, which action of Chancellor S. V. Robertson was reaffirmed on November 8, 1960, by Chancellor W. T. Horton when he sustained the plea in bar to the present suit, No. 58,318, in the Chancery Court of the First Judicial District of Hinds County, Mississippi.

Section 159, Article 6, of the Mississippi State Constitution, provides, among other things, that: "The chancery court shall have full jurisdiction in the following matters and cases, viz.; (a) All matters in equity; * * * (e) Cases of idiocy, lunacy, and persons of unsound mind; * * *."

In the case of In Re Heard's Guardianship, 174 Miss. 37, 163 So. 685, it is said: "The chancery court, in exercising its jurisdiction over guardianships and minors and their business, has general and constitutional jurisdiction, and all facts necessary to sustain jurisdiction or decrees of the chancery court are presumed to exist unless the contrary appears in the record. * *

"It will also be presumed that the court made inquiry and ascertained the facts necessary to sustain its action." See also Newsom, et al v. Federal Land Bank of New Orleans, 184 Miss. 318, 185 So. 595.

The deed of May 27, 1955, in favor of Lewis L. Culley was signed by George Jones and Mary Jones Coleman in their own names and right, and not by a guardian. It is alleged in the answer of the defendant Culley in

the instant case that they were not adjudicated to be non compos mentis until 1959. His answer further alleges that on May 27, 1955, when he obtained his deed from George Jones and Mary Jones Coleman, he paid as a consideration therefor $16,300, and that this was the best offer that the owners had been able to obtain at that time; that they were represented by the law firm of Alexander & Alexander of Jackson, a highly reputable law firm, and that these two grantors received the benefit of the full consideration.

Nevertheless, we think that Sections 422 and 607, Code of 1942, contemplate that the chancery court may approve a compromise of a doubtful claim on behalf of a ward of his court "on petition for that purpose". In the instant case there is no contention that any petition was filed as contemplated by these statutes. We think that although the chancery court by Section 159, Article 6, of the Mississippi Constitution has full jurisdiction over all matters in equity and in cases of idiocy and persons of unsound mind, it is also true that the legislature has the authority to prescribe the conditions under which matters in equity and the business of idiots and persons of unsound mind may be administered.

The court having sustained the plea in bar based on the decree of September 28, 1959, no testimony was heard upon the trial of the instant case. The appellees rely upon Section 159, Article 6, of the Mississippi Constitution, the presumptions in favor of the validity of judgment or decree in the absence of anything appearing in the record to the contrary, and upon Sections 422 and 607, Code of 1942; and the appellant on the case of Union Chevrolet Co. v. Arrington, et al, 162 Miss. 816, 138 So. 593, which we have undertaken to show was based on a somewhat different factual situation than the case at bar, and is not controlling in all respects here.

The suit filed by appellant to cancel the deed constitutes, in effect, a collateral attack on the decree of September 28, 1959, which dismissed the suit of the non compos mentis, through their guardians, with prejudice, after reciting that the parties had reached an amicable settlement. The issue of a collateral attack was raised by appellees' plea in bar.

■■ ■ Generally speaking, a judgment of a court of competent jurisdiction may not be impeached collaterally for mere errors or irregularities committed by the court in the exercise of its jurisdiction, or in the course of the proceedings. 30A Am. Jur., Judgments, Section 863. However, the decree of September 28, 1959, pleaded in bar by appellees, is not a mere error or irregularity in the course of the proceedings. Miss. Code 1942, Section 422 provides that a guardian may be empowered by the chancery court to compromise claims due their wards ''on the same proceedings and under the same circumstances'' prescribed with reference to executors and administrators. Code Section 607 requires that this be done by a ''petition for that purpose''; that the court may then authorize the compromise, after specifying the terms and conditions; and that the compromise must be reported in writing at the next term of court.

Union Chevrolet Co. v. Arrington, supra, although materially different on its facts specifically held that the chancery court cannot permit the rights of an infant to be prejudiced by any omission or neglect or design of a guardian; and that ''the judicial sanction thereof must be upon a real and not a perfunctory or merely formal hearing.'' *Union Chevrolet* further held that the chancellor must be given the full facts and, with them before him, must approve the terms of the settlement. While the facts in *Union Chevrolet* differ from those in the instant case, some of the principles therein announced apply here.

■■ Here counsel for the two guardians simply filed a motion to dismiss the prior suit attacking the deed on the ground that an amicable settlement had been reached. The order of dismissal of September 28, 1959, here under attack, recited that the motion stating there had been an amicable settlement had been filed, and the court dismissed the prior suit with prejudice.

The order failed to comply with the requirements of Code Sections 422 and 607. *Union Chevrolet* held that these statutes required disclosure to the chancellor of the full facts and an independent determination by him of the propriety of the settlement. The motion to dismiss and the order sustaining it failed to do this.

In Road Material and Equipment Co. v. McGowan, 229 Miss. 611, 91 So. 2d 554, we held that the doctrine, that a judgment however erroneous of a court having jurisdiction may not be collaterally assailed, is only correct when the court proceeds, after acquiring the jurisdiction, according to established rules governing the class to which the case belongs, and does not transcend, in the extent or character of its judgment, the law which is applicable to it. 30A Am. Jur., Judgments, Section 863, p. 780. In the instant case the motion to dismiss and the order of dismissal fails to show that the chancellor was presented with the facts on which he approved the propriety of the settlement. This being true, under the *Union Chevrolet* and *McGowan* cases, a collateral attack will lie, because the court did not proceed according to the statutes and established modes governing this class of case (approved of settlements of a claim of a person under guardianship).

■■ However, it may be that in fact the chancery court was presented the facts and approved the settlement as fair and equitable. This presents an issue of fact which should have been developed in the trial court. If the chancellor was given the facts and approved the settlement, the order of dismissal is valid. If he was

not, it is invalid, as constituting a total failure to comply with the requirements of the statutes and the above stated rules of law.

For these reasons, it was error for the chancery court to sustain the plea in bar of appellees as a question of law, without considering it on the facts. Appellant's objection to appellees' tender of testimony on this issue was erroneously sustained by the trial court. Ordinarily under these circumstances appellant would be precluded from asserting this action to be error. However, in this case we are dealing with an issue of whether the statutory prerequisites to be a valid decree approving the settlement of a claim of a person under disability was properly entered. In this respect we are considering the question as chancellors as well as an appellate court. It was error to sustain the appellees' plea in bar as a matter of law. The cause is reversed and remanded to the chancery court, to hear and determine on the facts the issue of whether a full disclosure of the settlement was made to the chancellor and he approved it, prior to entering the order of September 28, 1959.

We have therefore concluded that the cause should be reversed and remanded in order that the chancellor if he did not hear proof, may hear proof as to whether or not the consideration paid by the grantee in the deed of May 27, 1955, was fair and reasonable, and in order that the said sale may be expressly approved. The appellees offered to make proof upon their plea in bar, and presumably to show that no unfair advantage was taken of the wards in obtaining the said conveyance, but upon objection by the appellant the appellees were not permitted to make such proof and the plea in bar was sustained merely upon the motion of the attorneys for the two wards who at the time of the rendition of the said decree of September 28, 1959, had been adjudicated to be non compos mentis, but according to the pleadings they had not been so

adjudged on May 27, 1955, at the time of. the execution of the deed in question.

We reverse and remand the case for a full development of the facts relating to the plea in bar. It may be that each of the chancellors who dismissed the two proceedings respectively with prejudice had been fully advised in the premises and believed that the compromise and settlement was reasonable and just in every respect, but, if so, we think that the decree should so adjudicate.

Reversed and remanded.

*Kyle, Arrington, Ethridge* and *Jones, JJ.,* concur.