Agnes Wilson TALBERT, Mary Willie Talbert, Delphine Talbert Robertson, Henry Talbert, Jr., Sam Talbert, George Talbert, Henrietta Talbert Chaffee, John Talbert, Mary Lucille Talbert Barton, Dorothy Jane Talbert Barton, Douglas Wayne Talbert, Billy Talbert and Eva Jean Talbert Spivey, Plaintiffs,

v.

C.D. HENDERSON and Wife, Croya B. Henderson; the United States of America Acting By and Through the Small Business Administration, Robert G. Nichols, Trustee; Meridian Production Credit Association, E.D. Vick Trustee; the United States of America Acting By and Through the Farmers Home Administration, Herbert T. Turner Trustee, Defendants.

Civ. A. No. J86–0047(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 13, 1987.

Lawrence C. Gunn, Jr., Hattiesburg, Miss., for plaintiffs.

L.A. Smith, III, Asst. U.S. Atty., Jackson, Miss., James E. Smith, Smith & Smith, Carthage, Miss., for Henderson.

C. York Craig, Jackson, Miss., for Meridian Production Credit Assn.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on the motions of defendants Meridian Production Credit Association and the Farmers Home Administration for summary judgment. Plaintiffs filed timely response to the motions. The court, having considered the memoranda of the parties, is of the opinion that defendants' motions for summary judgment should be granted.

Plaintiffs are the heirs of Henry Talbert who died intestate in February 1978. Talbert was adjudged a lunatic in 1934. In 1952, Talbert and his wife Agnes purchased 132 acres of land by warranty deed from C.D. Henderson and his wife Croya B. Henderson. In 1957, the Talberts bought an adjacent tract of 33 acres from Mary Ellis and granted a deed of trust in favor of J.B. Upton to finance the purchase price of $1600. The deed of trust was renewed in January 1960 with the amount secured thereby increased to $5500 and the collateral increased from 33 acres to the entire 165 acre tract. The deed of trust was again renewed in January 1961 with the amount increased to $6000. In 1962, the Talberts gave a second deed of trust in favor of Mary Ellis on the entire 165 acres which secured a promissory note in the sum of $4000. In March 1964, Upton foreclosed on the first deed of trust. Mary Ellis' son Chester bought the property for $10,000; $7699.05 was applied to pay off the mortgage in favor of Upton. In 1969, Chester Ellis conveyed the land to Delia Faye Johnson, who in 1970 conveyed the tract to Grady Williams. Williams brought an ejectment action in 1971 against the Talberts. On July 12, 1971, the Chancery Court of Leake County appointed Eva Jean Talbert Spivey, daughter of Henry Talbert, conservator for her father's estate because of his "advanced age, physical incapacity and mental deterioration and weakness due to cerebrovascular disease," which prevented him from personally conducting his business or managing his affairs and property. With the approval of the chancery court, the conservator compromised Talbert's putative claim against Grady Williams concerning the validity of the 1964 first deed of trust and its foreclosure. The controversy was settled by a July 22, 1971 decree of the chancery court and the execution of quitclaim deeds. The conservator quitclaimed Talbert's interest in the property to Grady Williams; Williams in turn conveyed a life estate in 1.3 acres and the house thereon to the Talberts. With this cloud removed from the title, Williams conveyed the 165 acres to James E. and Allie G. Henderson, subject to the Talberts' life estate. Defendants claim through that deed and subsequent deeds of trust given to them by the Hendersons.

Plaintiffs allege that the first deed of trust and its foreclosure in 1964 were invalid because Henry Talbert was, at all relevant times, mentally incompetent, and that the purported compromise of Henry Talbert's claim against Williams was invalid because it involved a sale of land of an incompetent and did not comply with statu-

tory provisions relative to a conservator's sale of his ward's real estate. Defendants contend that the chancery court decree approving the compromise of Talbert's claim against Williams operates as res judicata against plaintiffs, precluding them from now asserting that claim against Williams' successors in interest. Plaintiffs counter that the decree approving the settlement is not preclusive of their right to assert the claim because it did not comply with statutory requirements.

■ In the court's view, the defendants' reliance on res judicata is misplaced. The issue is whether the compromise of Talbert's claim by his conservator was valid; in order to be valid, it must have comported with statutory requirements. Under Mississippi law, the compromise of a ward's claim by his conservator must be approved by the chancery court. If the compromise was properly approved by the chancery court and is therefore valid, then the settlement simply extinguished the claim and res judicata need not be invoked to prevent Talbert's heirs from asserting it. On the other hand, if the settlement did not comply with statutory provisions, then the conservator's compromise is not effective against the ward and the cause of action may be maintained if not barred by the applicable statute of limitations. *Union Chevrolet Co. v. Arrington,* 162 Miss. 816, 138 So. 593, 595–96 (1932). That a decree was entered does not preclude plaintiffs from asserting that the court's approval of the compromise was not in accordance with legal requirements, and that the settlement authorized by the court was invalid. *See Thompson Funeral Home, Inc. v. Thompson,* 249 Miss. 472, 162 So.2d 874, 875–77 (1964). In *Estate of Jones v. Culley,* 242 Miss. 822, 134 So.2d 723 (1961), plaintiffs sued to set aside a conveyance on the ground that the grantor had been incompetent. Defendants pled in bar a decree of the chancery court dismissing an earlier suit to set aside the same conveyance. The decree recited, as a basis for the dismissal, that "an amicable adjustment" had been arrived at between the guardian of the non compos mentis and the defendants. The trial court sustained the plea in bar. The Mississippi Supreme Court reversed, holding that judicial approval of a compromise of a ward's claim which did not comply with statutory requirements would not preclude a suit on the claim. *See Estate of Jones,* 134 So.2d at 726–27.

■ Defendants contend that, notwithstanding the possible invalidity of the compromise, plaintiffs are barred by the statute of limitations from challenging the execution of the deed of trust and the foreclosure pursuant to it. Defendants argue that the applicable statute of limitations is section 15–1–53 of the Mississippi Code, which provides:

> When the legal title to property or a right in action is in an executor, administrator, guardian or other trustee, the time during which any statute of limitations runs against such trustee shall be computed against the person beneficially interested in such property or right in action, although such person may be under disability and within the saving of any statute of limitations....

Miss.Code Ann. § 15–1–53 (1972). The court is of the opinion, however, that this statute does not apply because by its terms it applies only where the legal title to property or a right in action is in the conservator as opposed to the ward; such is not the case here. The right of action was at all times in Talbert; the conservator was empowered merely to manage his property and affairs.

■ The applicable statute of limitations is section 15–1–7 of the Mississippi Code, which bars actions to recover land not brought within ten years after the cause of action accrued. The statute, however, contains a savings provision in favor of those under disability of infancy or unsoundness of mind; if at the time the cause of action accrues, the person having the claim is a minor or non compos mentis, then, notwithstanding the expiration of the ten-year period, an action to recover the land may be brought within ten years after the person ceases to be under the disability or dies, whichever occurs first.

If, as plaintiffs contend, Henry Talbert was mentally incompetent when he executed the deed of trust or when the foreclosure took place, and if, as plaintiffs further contend, he did not cease to be mentally incompetent up to the time of his death in 1978, then his heirs were entitled to bring an action to set aside the transactions complained of within ten years of the date of his death, and this action therefore is timely. Whether Talbert was mentally incompetent at the time of the transactions in question, and if so, whether he ceased being of unsound mind at any time prior to his death, are questions of fact. Accordingly, the court cannot hold on motion for summary judgment that plaintiffs' cause of action is barred by the statute of limitations.

■ Defendants argue that the cause of action is barred by section 15–1–59 of the Mississippi Code, which provides that "the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one years." However, the court is of the opinion that section 15–1–59 does not place a maximum durational limit on the savings provision in section 15–1–7. Like section 15–1–7, other statutes of limitations contain savings provisions in favor of persons under disabilities.[1] These other statutes provide for a maximum duration for the savings provisions. The court is of the opinion that if the Mississippi Legislature had intended for the savings clause in section 15–1–7 to have a maximum duration it would have included such a limit in section 15–1–7. Furthermore, section 15–1–59 is not a statute of limitations; it is, instead, a separate savings provision which applies to "any of the personal actions mentioned" in Chapter 1 of Title 15. Several of the statutes of limitations do not contain savings clauses.[2] The court is of the opinion that section 15–1–59 would apply to the actions mentioned in certain of these statutes. Because section 15–1–7 contains its own savings provision, the separate savings provision of section 15–1–59, and consequently the durational limitation appurtenant thereto, would not apply to section 15–1–7. Accordingly, plaintiffs' cause of action is not barred simply because more than twenty-one years have elapsed since the execution of the deed of trust and the foreclosure pursuant to it.

■ As noted above, plaintiffs' cause of action is barred if a valid compromise of the claim was made by the conservator in 1971. Plaintiffs assert that the settlement was invalid because the conservator's purported compromise of a doubtful claim was actually a sale of land and the statutory provisions applicable to the sale of land belonging to a mentally incompetent person by a conservator were not followed. Section 419 of the Mississippi Code of 1942, which was in effect at the time of the transaction at issue, required judicial approval for such a sale; when a conservator petitioned the court for permission to sell a ward's real estate, summons was required to be issued for at least two adult relations of the ward within the state.[3] Failure to give notice as required by the statute renders the sale void. *See Theobald v. Deslonde*, 93 Miss. 208, 46 So. 712, 713 (1908). It is undisputed that when the chancery court approved the conservator's compromise, notice was not given to two adult relations of Henry Talbert.

Plaintiffs' position is that the transaction was a sale of land because the conservator executed a deed which purported to convey the property to Grady Williams. However, in the court's opinion, the fact that a deed was executed does not conclusively establish that a "sale of land" occurred. In other words, the court concludes that section 93–13–59 of the Mississippi Code[4] au-

1. *See, e.g.,* Miss.Code Ann. §§ 15–1–11, 15–1–13 (1972).

2. *See e.g.,* Miss.Code Ann. §§ 15–1–19, 15–1–21 (1972).

3. Similar notice requirements are found in Miss.Code Ann. § 93–13–51 (1986), the successor to § 419.

4. Miss.Code Ann. § 93–13–59 is the identical statutory successor to section 422 of the Mississippi Code of 1942, which was in effect at the time of the transaction in question.

thorizes the compromise of doubtful claims to real property as well as to personal property, and that such compromise can be accomplished by the execution of a quitclaim deed.

*Estate of Jones v. Culley* involved a factual situation similar to the case at bar. The guardians of two mentally incompetent persons brought suit to set aside a conveyance of real property by their wards. The parties later reached a settlement, and the chancery court consequently entered a decree dismissing the case with prejudice. Later, a different guardian of one of the wards brought another action to set aside the conveyance. The defendants raised the order dismissing the action as a defense. The trial court sustained the defendants' plea in bar and dismissed the complaint, and the guardian appealed. The Mississippi Supreme Court held that if the court did not comply with statutory requirements in allowing the settlement, then the settlement and decree of dismissal entered in consequence of it were invalid, and the plaintiff's action could proceed. The court remanded for a determination of whether the chancery court had in fact complied with the statutory requirements. Apparently, had the chancery court decree reflected on its face compliance with the statutory requirements, the trial court's dismissal of the case would have been upheld. It is important to note that the court analyzed the validity and conclusiveness of the settlement in terms of whether it complied with the statutory requirements for settlement by a guardian of the claims of a ward, and not those for the sale of a ward's real estate. *See Estate of Jones*, 134 So.2d at 726.

■ This court recognizes that it is unclear from the court's opinion in *Estate of Jones* whether the compromise of the claim to real estate was accomplished by execution of a deed. Assuming that it was not, the court nevertheless concludes that the validity of a settlement of a claim to real property should not be vitiated because the conservator chooses to effect the settlement by means of a quitclaim deed. The court observes that the law recognizes a distinction between a deed which is intended to be a release of the grantor's claim to property and a deed which is intended to convey the property itself. *See* 23 Am. Jur.2d *Deeds* §§ 259, 260 (1983). Into which category a particular deed falls depends upon the intention of the parties. *Id.* § 260. From the language of the deed and surrounding circumstances, the court concludes that the deed executed by the conservator was intended merely as a release of whatever claim Henry Talbert had to the property and not as a conveyance of the property itself. *See id.* §§ 260–264. The court further notes that the deed was executed in the midst of litigation over the property, that Williams already held a deed to the property and held a claim of ownership through the trustee's deed to the foreclosure sale purchaser, and that the chancery court authorized execution of a quitclaim deed to effect the settlement approved by the court. These things indicate that the transaction was a compromise of a claim rather than a sale of land.

For the reasons set forth, the court concludes that the execution by the conservator of a quitclaim deed to settle Henry Talbert's claim in regard to the property in question was not a "sale of land" within the meaning of section 419 and that consequently the failure to issue summons for two adult relations of Henry Talbert did not invalidate the transaction. A valid compromise of the claim by the conservator extinguished the cause of action and was binding on Henry Talbert and his heirs. Accordingly, the motion of the defendants for summary judgment is granted.

A separate judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.