516 So.2d 236 (1987)
TRICON METALS & SERVICES, INC.
v.
Jim TOPP.
No. 57367.
Supreme Court of Mississippi.
December 9, 1987.
*237 Joel W. Howell, III, Jackson, for appellant.
Joe Clay Hamilton, Meridian, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and GRIFFIN, JJ.
ROBERTSON, Justice, for the court:

I.
This case presents an important question under Rule 52(a) of the Mississippi Rules of Civil Procedure and, specifically, the question of whether and when a trial court should make findings of fact and conclusions of law. Although the rule is permissive, absent request of a party, in cases of any complexity the trial court generally should make findings of fact and conclusions of law. Because this was not done in the case at bar, we remand for that purpose.

II.
On July 18, 1985, Tricon Metals & Services, Inc., commenced a civil action by filing its complaint in the Chancery Court of Rankin County, Mississippi. Tricon sought an injunction against a former employee, Jim Topp, on grounds that he was violating an anti-competition provision of his employment contract and also damages for breach of his employment contract. Topp counterclaimed for commissions allegedly owing to him by Tricon.
At trial on November 11, 1985, Tricon attempted to prove that Topp owed his former employer $7,463.67 from a promissory note defaulted on by Topp which was guaranteed and paid by Tricon. Tricon also sought damages for reimbursement for advances on commissions in the amount of $12,000. Topp counterclaimed that Tricon owed him commissions amounting to $81,475.00.
On December 17, 1985, the Chancery Court denied all relief to Tricon and, with one exception, dismissed Topp's counterclaim. The Court awarded Topp $3,500.00 in attorney's fees since the case was "wrongfully brought".
From this judgment, Tricon appeals the following:
1) That the trial court erred in not awarding damages to Tricon on the promissory note it guaranteed.
2) The trial court erred in not awarding damages to Tricon for Topp's draws in excess of commissions actually earned.
3) If the trial court erred on either of the above grounds, then it erred in awarding damages to Topp for Tricon's improvidently bringing this action.
Topp appeals the denial of relief under his counterclaim.

III.
Before reaching any of the assignments of error, either on appeal or cross-appeal, we confront a significant dilemma. The Chancery Court made no findings of fact or conclusions of law. In the context of this case, we are virtually precluded performance of our normal appellate review responsibilities within accepted legal and institutional channels.
On December 2, 1985, the Chancery Court filed an opinion which merely stated that:
The Court finds that the Plaintiff Tricon Metals and Services, Inc., is not entitled to any relief sought and the complaint filed should be dismissed.
The opinion then provided:
The Court further finds that the Defendant Jim Topp has failed to meet his burden of proof in connection with his relief sought for his commissions and damages, *238 but the Court finds that said Defendant is entitled to attorneys fees for Plaintiff's wrongfully bringing this cause of action against the defendant.
On December 17, 1985, final judgment was entered to the same effect. Again, nothing remotely resembling findings of fact or conclusions of law was included.
Rule 52(a), Miss.R.Civ.P., provides:
In all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon and judgment shall be entered accordingly.
Our prior cases have merely noted the rule and that it vests discretion in the trial court whether findings should be made. Mitchell v. Rawls, 493 So.2d 361, 362 (Miss. 1986); Croenne v. Irby, 492 So.2d 1291, 1293 (Miss. 1986); Allgood v. Allgood, 473 So.2d 416, 423 (Miss. 1985). Today's is our first occasion to consider any question of importance under the rule.
Our concern arises in the context of established limitations upon our scope of review. Ordinarily this Court will not reverse findings of fact made by a trial court sitting without a jury where those findings are supported by substantial credible evidence in the record. Anderson v. Burt, 507 So.2d 32, 36 (Miss. 1987); Culbreath v. Johnson, 427 So.2d 705, 707-09 (Miss. 1983); Richardson v. Riley, 355 So.2d 667, 668 (Miss. 1978). This is as true of ultimate facts as of evidentiary facts. Norris v. Norris, 498 So.2d 809, 814 (Miss. 1986); Carr v. Carr, 480 So.2d 1120, 1122 (Miss. 1985).
Put another way, this Court ought and generally will affirm a trial court sitting without a jury on a question of fact unless, based upon substantial evidence, the court be manifestly wrong. Brown v. Williams, 504 So.2d 1188, 1192 (Miss. 1987).
But what do we do when no findings of fact have been made? One vehicle developed over the years is that we imply findings of fact, for "we are required by our prior decisions and by sound institutional considerations to proceed on the assumption that the chancellor resolved all such fact issues in favor of the appellee." PMZ Oil v. Lucroy, 449 So.2d 201, 205 (Miss. 1984); Cheek v. Ricker, 431 So.2d 1139, 1143-44 (Miss. 1983); Cotton v. McConnell, 435 So.2d 683, 685 (Miss. 1983) and Harris v. Bailey Avenue Park, 202 Miss 776, 791, 32 So.2d 689, 694 (1947). "Further, when there are no specific findings of fact, we sometimes assume the trial judge made determinations of fact sufficient to support the judgment." Pace v. Owens, 511 So.2d 489, 492 (Miss. 1987); and Rives v. Peterson, 493 So.2d 316, 317 (Miss. 1986).
Use of the implied findings doctrine, however, is not always possible. We faced a somewhat analogous situation in Pace v. Owens and, in commenting upon the implied findings doctrine, had this to say:
There are limitations upon this premise. It is one thing to employ algebraic techniques to imply the numerical content of "X" in the equation 10 + 6 + X = 23. It is altogether different where, as here, we are asked to assume the content of all variables in an equation X + Y + Z = 23... . We simply have not received enough help from the Chancery Court that we might derive the findings it ought to have made.
511 So.2d at 492.
Against this backdrop consider, for example, the assignment of error pertaining to the promissory note. In response to request for admissions, Topp admitted that he asked and received an accommodation endorsement by Tricon on a promissory note with American South Bank of Birmingham and that Tricon was called upon to pay the note in full, which it did on June 10, 1985, in the sum of $7,463.67. Such facts would lead one to think that Tricon is likely to win on its suit on the note. Topp's defense was that the loan was an advance on commissions which he subsequently earned.
On appeal, Tricon claims it was entitled to judgment on its claim as accommodation maker of the note. We know that the Chancery Court rejected that claim, but we have not the slightest clue why. For example, we do not know whether the Chancery Court found some deficiency in Tricon's claim as accommodation maker or whether *239 Topp's affirmative defense was credited. Before we can effectively resolve such an assignment of error, we need the benefit of such findings of fact, particularly where the evidence is as contested and disputed as is the case here.
The same problem exists with respect to the assignment of error that Tricon should have been awarded damages for Topp's draws in excess of commissions earned. Relating this one to the note, it seems unlikely that a rational trier of the facts would have found that Topp earned $7,463.67 in commissions, which were offset against Tricon's claim on the note, but did not earn any of the other $81,000.00 in commissions Topp claimed. We need to know what the court below thought of this matter.
More seriously, the Chancery Court held that Topp was entitled to recover attorneys fees in the amount of $3,500.00 for Tricon's "wrongfully bringing this cause of action." Here we need Rule 52(a) "conclusions of law". Were attorneys fees awarded on the authority of Rule 11, Miss.R.Civ.P.? Or on some other ground? We are given not a clue.
Rule 52(a) vests in the trial court discretion whether findings of fact and conclusions of law should be made, absent, that is, a request of a party. That discretion, however, should be exercised soundly consistent with established principles regarding the sound and efficient administration of justice. Trial and appellate courts have separate institutional roles. Our role is that of an appellate court and not as triers of fact ab initio. Allgood v. Allgood, 473 So.2d 416, 421 (Miss. 1985); see also Chrismond v. Chrismond, 213 Miss. 189, 194, 56 So.2d 482, 484 (1952). We strive mightily to respect limitations upon our role where appeals are taken regarding issues of fact. The process breaks down, however, where the trial court sitting without a jury does not independently make findings of fact. Cf. Rice Researchers, Inc. v. Hiter, 512 So.2d 1259, 1264, 1266 (Miss. 1987); and Gavin v. State, 473 So.2d 952, 955 (Miss. 1985).
What is more, we generally do not consider issues not decided by the trial court. See Educational Placement Services v. Wilson, 487 So.2d 1316, 1320 (Miss. 1986). Logic is strained at the thought of an appellate court affirming or reversing a decision never made. As a practical matter, we can better perform our function if we know what the trial court did, and why.
For these reasons, in cases of any significant complexity the word "may" in Rule 52(a) should be construed to read "generally should". In other words, in cases of any complexity, tried upon the facts without a jury, the Court generally should find the facts specially and state its conclusions of law thereon.
As in other areas, we will not interfere with a trial court's exercise of its discretion unless that discretion be abused. Where, however, a case is hotly contested and the facts greatly in dispute and where there is any complexity involved therein, failure to make findings of ultimate fact and conclusions of law will generally be regarded as an abuse of discretion.
By reason of the foregoing, we remand this case to the Chancery Court of Rankin County, Mississippi. We instruct that the Chancery Court make findings of fact on the issues tendered on this appeal and thereafter state separately its conclusion of law thereon. Such findings and conclusions should be made upon the present record, although they are certainly subject to the amendment and reconsideration process contemplated by Rule 52(b), Miss.R.Civ.P. Once these findings of fact and conclusions of law have been made, the Chancery Court is instructed to certify same to this Court whereupon this Court will proceed with the final disposition of this appeal on its merits.
REMANDED WITH INSTRUCTIONS.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
ZUCCARO, J., not participating.