BANKS, Justice,
concurring in part, dissenting in part:
I agree with the majority that this case must be reversed and remanded for further consideration in the chancery court, but because I disagree with some of the subsidiary conclusions expressed in the majority opinion I write separately.
The problem, as I see it, is that the chancellor failed to make findings of fact in support of her disposition of the issues here involved. Moreover, as neither case law nor statutes are referred to, it is impossible to ascertain whether correct principles of law were applied. We are urged by Means to supply the missing findings under the authority of Bryant v. Cameron, 473 So.2d 174 (Miss.1985), which repeated the principle that where certain findings are necessary to a conclusion this Court can assume that they were made. We have recognized, however, that in certain circumstances assumed findings are inappropriate. Tricon Metals & Services, Inc. v. Topp, 516 So.2d 236, 238 (Miss.1987). This is such a case.
The central issue is the percentage of proceeds of the sale of the property to which the partners are entitled. ■ Resolution of that is *184 sue requires a determination as to the agreement between the partners. Miss.Code Ann. § 79-12-35(1) (1989). In the instant case, there is nothing to suggest that there is an agreement to divide the equity upon any basis other than the respective contributions of the partners in accordance with Miss.Code Ann. § 79-12-35(l)(a)-(d).
To this point the majority and I agree. We depart when the majority attempts to make a finding as to what the respective contributions were. While it is true that Bracken and his accountants testified that his total contribution exceeded his withdrawals by $97,538.54, this summary was in sharp dispute. Means testified that he agreed to only $51,000 in repairs. Many of the checks, allegedly written for repairs, were payable to other entities controlled by Bracken, leaving a fact question whether any, all or none of these were for legitimate debts of the partnership incurred “in the ordinary and proper conduct of its business, or for the preservation of its business or property.” Miss.Code Ann. § 79 — 12—35(l)(b). This fact question is not specifically resolved by the chancellor, and the record is not such that we may presume a resolution consistent with the result because the disposition here is too broad for such a presumption.
Similarly, the chancellor’s decree that Bracken hold Means harmless for all bank loans is unsupported by any rationale or factual findings. Means admits to an outstanding mortgage on the property and to authorizing the expenditure of $51,000. He admits that the $45,000 injected by Bracken was to be treated as a debt of the partnership. To the extent that bank loans represent these debts, Means would not seem to be entitled to be held harmless. The majority’s reliance on our statutes holding partners liable for the acts of partners acting within their authority begs the question whether Bracken was so acting, a fact which the majority seems to assume. Beyond the $51,-000, evidence of such authority appears lacking. As between Bracken and Means at least, if not the lenders, this is a question of importance. Miss.Code Ann. §§ 79-12-17(3)(a), 79-12-41(1). Again, however, this a factual issue to be determined by the chancellor which appears not to have been specifically addressed by the chancellor here.
The question whether Bracken’s, apparently ■wrongful, assumption of the tax benefits for losses somehow precludes his assertion of Means’ liability for partnership debts and obligations is another theory not specifically addressed by the chancellor. We are all familiar with the equitable maxims “he who comes into equity must come with clean hands” and “equity abhors a forfeiture.” Application of these maxims must await an adequate resolution of fact issues. The chancellor refused to assess punitive damages here finding no “wilful intent to defraud.” Whether in the face of this finding an estoppel theory such as that suggested by Means below would lie is problematic. Assuming that it would, the limits of its effect would still have to be assessed.
Finally, I agree with the majority that the chancellor appears to have erred in assessing supposed tax benefits against Bracken in favor of Means. Means’ tax benefits vel non are between him and the taxing authorities and there is nothing to suggest that Bracken did anything that caused Means an actual loss. If there is some viable theory of recovery for Means as to this item it remains unexpressed by the chancellor. In support of her ruling Means resorts, in part, to a claim for his time managing the apartments. Absent agreement, however, “[n]o partner is entitled to remuneration for acting in the partnership business-” Miss.Code Ann. § 79 — 12—35(l)(f).
I would reverse and remand for further proceedings without making the findings of fact expressed in the majority opinion. Accordingly, to the extent that the majority opinion renders judgment on disputed fact issues in this ease, as noted above, I dissent.
McRAE, J., joins this opinion.