¶ 27. I concur with the majority's decision to reverse and remand this case for failure of the chancellor to delineate any valuation of the real property, the home, the truck, or the mobile home. My only grievance with the majority is with its decision to expound on evidence, when the majority readily admits that such evidence is insufficient.
¶ 28. In Ferguson v. Ferguson, 639 So.2d 921, 929 (Miss. 1994), the Mississippi Supreme Court mandated that, "[t]o aid appellate review, findings of fact by the chancellor, together with legal conclusions drawn from those findings, are required." "[A] failure by the trial court to make findings of ultimate fact and conclusions of law will generally be regarded as an abuse of discretion." Tricon Metals Servs., Inc. v. Topp,516 So.2d 236, 239 (Miss. 1987). Our job as an appellate court is not *Page 838 
to sit as fact-finder, that is the job of the chancellor. Because of the chancellor's failure to set out in detail findings that support and clarify the financial awards, we cannot execute an examination of the record that would allow us to determine whether the award was within the range of discretion allowed a chancellor.
¶ 29. We are remanding for the chancellor to make a specific findings as to the fair market value of the property and a through assessment of Nettie's non-economic contributions. We need not elucidate further as it is the function of the chancellor to resolve factual disputes.
THOMAS, J., JOINS THIS SEPARATE OPINION.