830 So.2d 694 (2002)
Sharyn A. GOLLEHER, Appellant,
v.
Curtis ROBERTSON, Appellee.
No. 2001-CA-00753-COA.
Court of Appeals of Mississippi.
November 12, 2002.
*695 Rex F. Sanderson, Houston, attorney for appellant.
Elizabeth F. Crosthwait, Houston, attorney for appellee.
Before KING, P.J., LEE, and IRVING, JJ.
IRVING, J., for the Court.
¶ 1. Sharyn Golleher filed a replevin action against Curtis Robertson in the Circuit Court of Chickasaw County. She sought the return of several items of personal property which she contended were being withheld by Robertson. The trial court entered an order in which it found that Golleher was entitled to the immediate possession of thirty-one specific items. The court also ordered a deputy sheriff to accompany Golleher to Robertson's home to retrieve the items which were awarded to her. Subsequently, Golleher filed a motion wherein she alleged that Robertson had withheld and concealed certain items which had been awarded to her, that newly-discovered evidence revealed that Robertson had disposed of certain of her property after she filed the replevin action, and that the court should make findings of fact in support of its division of the property. Golleher also asked the trial court for a new trial or in the alternative to reopen the case, and to hold Robertson in contempt.
¶ 2. The trial court denied Golleher's motion. Golleher has prosecuted this appeal in which she submits three issues that we quote verbatim:

*696 1. The court erred by failing to include in the judgment specific findings of fact as to the reason the Appellee was awarded some of Appellant's property.
2. The court erred in its failure to find that after the commencement of this case, Appellee had concealed the Appellant's property from the court and from the Appellant, and that the Appellee had disposed of certain of the Appellant's property.
3. The court erred in its failure to grant a new trial or to reopen the case to develop evidence that would show that the Appellee had committed a fraud on the court in giving false testimony, and that the Appellee had concealed evidence and property from the court and from the Appellant.
We find no reversible error; therefore, we affirm the decision of the trial judge.

FACTS
¶ 3. Golleher, a resident of Arkansas, and Robertson, a resident of Chickasaw County, Mississippi, are horse enthusiasts who met on a trail-riding expedition somewhere in the bush of Golleher's native state. It was love at first sight, and Golleher moved into Robertson's home shortly after they met. During this time, they both owned their own businesses. Although Golleher was employed as a nurse and a part-time enumerator for the U.S. Department of Agriculture in Arkansas, she also owned a tack store which sold horse hardware in Arkansas. Robertson operated horse-trail rides and was a traveling salesman who sold jumper cables and lubricants. The relationship continued from July 1995 until December 1998. During this period, Robertson allowed Golleher to move her tack business onto his property, and they assisted each other with their respective businesses.
¶ 4. At the conclusion of this love affair, Robertson's refusal to allow Golleher to retrieve all of her belongings led to the replevin action by Golleher. Robertson filed a counterclaim in which he sought the return of certain items from Golleher. The parties were able to resolve some of their differences but others remained which were ultimately resolved by the court order which awarded the thirty-one items to Golleher. Additional facts will be added in the discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. Our familiar standard of review requires that when a trial judge sits without a jury, this Court will not disturb his factual determinations where there is substantial evidence in the record to support those findings. Ezell v. Williams, 724 So.2d 396, 397 (¶ 4) (Miss.1998) (citing Yarbrough v. Camphor, 645 So.2d 867, 869 (Miss.1994); Omnibank of Mantee v. United Southern Bank, 607 So.2d 76, 82 (Miss.1992)). "Put another way, this Court ought and generally will affirm a trial court sitting without a jury on a question of fact unless, based upon substantial evidence, the court must be manifestly wrong." Id. (citing Yarbrough, 645 So.2d at 869) (quoting Tricon Metals & Servs. v. Topp, 516 So.2d 236, 238 (Miss.1987); Brown v. Williams, 504 So.2d 1188, 1192 (Miss.1987)).
1. Failure to Make Findings of Facts
¶ 6. Golleher argues that the trial court erred in not making findings of fact as to why she was not awarded all of her property. Rule 52(a) of the Mississippi Rules of Civil Procedure provides:
In all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its *697 conclusions of law thereon and judgment shall be entered accordingly.
Rule 52(a) has been construed by our supreme court to mean that a trial court has permissive discretion regarding whether to issue findings of fact and conclusions of law in cases that lack complexity. Topp, 516 So.2d at 239. Additionally, failure to make findings in complex cases has been viewed as an abuse of discretion and is generally grounds for reversal. Id. However, when considering a matter where a party makes a request that the trial court render findings of fact and conclusions of law, as Golleher appropriately requested in her Rule 59 and 60 motion, the trial court, shall issue findings of fact. M.R.C.P. 52. The court in Lowery v. Lowery, 657 So.2d 817 (Miss.1995), defined "shall" as used in Rule 52 as connoting a mandatory directive to the court to issue findings of fact on request by a party. However, our supreme court has also held that where a judge declines to make specific findings of fact on request of a party, but makes general findings of fact and conclusions of law, he has technically complied with the requirements of Rule 52. Century 21 Deep South Properties, Ltd. v. Corson, 612 So.2d 359, 367 (Miss.1992).
¶ 7. In the case sub judice, the judge made the following statement in his opinion addressing Golleher's motion:
Even though the Court is not bound to enter findings of fact as to how it reached its decision reflected in its Order dated March 23, 2000, no request having been made prior to entry of its Order, the court states that it heard the testimony of the witnesses, paid close attention to each of the witnesses while giving their testimony and from the records, the witnesses testimony and the totality of the credible evidence adduced the Court reached its decision as reflected in its Order of March 23, 2000.
We therefore find that the trial judge made general findings of fact, thus technically complying with the requirements of Rule 52. For the reasons stated, we find no reversible error on this issue.
2. Concealment and Disposal of Property
¶ 8. Because issues two and three are interrelated, we discuss them simultaneously. On March 19, 2001, a hearing was held to address the request by Golleher that the court amend the judgment or make findings of fact. Wanda June Moore and Richard Moore, a married couple who were extended guests in Robertson's home at sometime prior to and subsequent to this matter, testified on behalf of Golleher. Robertson did not testify at this hearing. Wanda testified that she heard Robertson call Harry Stephens and tell him to come and get an antique church bell, that Robertson removed items from the tack room that were not on the list and loaded them on a trailer, that he took the items to another part of the property and left them there, and that what items Robertson could not hide, he gave away. Richard testified that Robertson called Harry Stephens and told him to come and get the bell. Richard acknowledged that he helped Robertson load a T-post, a horse blanket, a ladder, a tire swing, an antique tub, an aluminum bathtub, and a crock pot. He explained he had not known who owned the property. Moreover, Richard stated that Robertson took the items to the other side of Robertson's land and parked them under a shed.
¶ 9. After hearing the testimony of Wanda, Richard Moore and Golleher, the trial judge, in overruling Golleher's motion, stated:
I decided to the best of my ability from the testimony that what she was entitled to. The Court went an extra step and *698 sent Deputy Sheriff Joe Lee Doss out to the premises with her. I know Mr. Doss. If it had been communicated to Mr. Doss that Mr. Robertson refused to allow her entry to any building or any part of the property, I know what Mr. Doss would have done.
¶ 10. Golleher alleges that Robertson removed all of her property not listed on the order and concealed it. Golleher contends that she put on proof that Robertson allowed her former husband, Harry Stephens, to remove her antique church bell from Robertson's property. Moreover, Golleher argues that she wanted the court to reopen the case and/or find Robertson in contempt for hiding and disposing of property during the pendency of the case and for perjuring himself when he said he did not know how Golleher's ex-husband got the bell. Apparently, it is Golleher's position that the newly-discovered evidence is proof of the concealment of Golleher's property by Robertson.
¶ 11. When reviewing the denial of a motion for a new trial, this Court will reverse when and only when an abuse of discretion is found. Whitten v. Cox, 799 So.2d 1 (¶ 5) (Miss.2000). "To warrant the granting of a new trial on the ground of newly discovered evidence, it must appear that the evidence is such as will probably change the result if a new trial is granted, that it has been discovered since the trial, that it could not have been discovered before the trial by the exercise of due diligence, that it is material to the issue, and that it is not merely cumulative, or impeaching." Meeks v. State, 781 So.2d 109 (¶ 8) (Miss.2001).
¶ 12. The evidence that Golleher offers will not change the outcome of the trial because she does not argue that she did not retrieve any of the items determined to be hers by the court. She complains about the antique church bell and other unidentified items that the court did not award to her. Golleher may have only discovered that Robertson had allegedly disposed of her property and perjured himself since the first hearing on this matter, but this information could have been discovered before the trial by simply questioning Wanda and Richard and by subpoenaing them to testify in the first proceeding. Furthermore, perjury must be proven and even if sufficiently proved, perjured testimony does not necessarily require a new trial. Moore v. State, 508 So.2d 666, 668 (Miss.1987). Even if Golleher sufficiently proved perjury on the part of Robertson, the perjury was concerning his knowledge of the location of an antique church bell that the court never awarded to her. While Wanda's and Richard's testimony was perhaps material to the issue before the trial court, the trial court found their testimony unpersuasive. The trial judge heard the witnesses and determined that the evidence presented was not sufficient to amend the judgment or to grant a new trial. We do not find an abuse of discretion with his decision.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY IS AFFIRMED. THE COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. McMILLIN, C.J., NOT PARTICIPATING.