BRIDGES, J.,
for the court.
¶ 1. The Municipal Court of Water Valley convicted Alan Keith Wright on charges of driving on the wrong side of the road and driving while intoxicated. Wright appealed the charges to the Circuit Court of Yalobusha County; the circuit court remanded the charge of driving on the wrong side of the road back to municipal court due to errors in perfecting the appeal on that charge, and agreed to hear de novo the trial of the DUI charge. On the trial de novo before the bench, the court found Wright guilty of violating the implied consent law (first offense), sentenced him to attend the Mississippi Alcohol Safety Education Program, and fined him $750 and assessed court costs of $175. Wright filed a motion to correct judgment which the court denied, and Wright perfected his appeal to this court.
STATEMENT OF ISSUES
I. DOES THE EVIDENCE SUPPORT WRIGHT’S CONVICTION WHEN THE EXAMINING OFFICER DID NOT QUESTION IF WRIGHT SUFFERED FROM A PHYSICAL DISABILITY BEFORE ADMINISTERING THE FIELD SOBRIETY TEST?
II. IS WRIGHT ENTITLED TO A NEW TRIAL AS HE WAS CONVICTED OF DUI UNDER TWO SEPARATE DEFINITIONS OF THE CRIME?
III. DID THE COURT ERR IN DENYING WRIGHT’S MOTION FOR A NEW TRIAL?
FACTS
¶ 2. On the evening of November 3, 2000, Alan Wright drank two margaritas at *1243 the El Charito Mexican Restaurant in Water Valley and exited the restaurant. He began to drive away, and Sergeant Marshal Jackson and Officer John Spence of the Water Valley Police Department, who had just left the restaurant themselves, saw Wright driving on the wrong side of the road. Jackson followed Wright in his patrol car, and after observing Wright’s driving for a short while pulled Wright over at the parking lot of the Yalobusha County Jail. Spence arrived in his patrol car shortly after the stop as Wright began to exit his vehicle.
¶ 3. Jackson approached Wright’s car, and asked Wright how much he had had to drink. Wright responded he did not know. Officer Jackson asked Wright to go into the sheriffs office at the jail complex to administer the field sobriety test, as it was raining. Wright was unable to complete the field sobriety test, leading Jackson to believe that Wright was intoxicated, and Wright consented to a breathalyzer test, which was administered twenty minutes after Wright was pulled over. The results of the test demonstrated that Wright had a blood alcohol level of .284, and Wright was charged with driving under the influence.
ANALYSIS
I.DOES THE EVIDENCE SUPPORT WRIGHT’S CONVICTION WHEN THE EXAMINING OFFICER DID NOT QUESTION IF WRIGHT SUFFERED FROM A PHYSICAL DISABILITY BEFORE ADMINISTERING THE FIELD SOBRIETY TEST?
¶ 4. Jackson testified that he asked Wright if he suffered from any medical impairment that would hinder him from taking the field sobriety test and that Wright told him he did not. Wright argues that Jackson did not ask him the question. This question of witness credibility is one reserved for the finder of fact, which in this case was the court sitting without a jury. This Court will not overturn the factual findings of a court sitting without a jury unless, based on substantial evidence, the court is manifestly wrong. Tricon Metals & Servs., Inc. v. Topp, 516 So.2d 236, 238 (Miss.1987). Finding no manifest error, we affirm.
¶ 5. Wright further argues that the administering officer, Sergeant Jackson, was required by law to ask him if he suffered any physical impairment before administering the field sobriety test. Wright cites no law to support this proposition, and this Court has been unable to find any. Accordingly, we find no error.
II. IS WRIGHT ENTITLED TO A NEW TRIAL AS HE WAS CONVICTED OF DUI UNDER TWO SEPARATE DEFINITIONS OF THE CRIME?
¶ 6. Wright argues that he was improperly convicted under both the common law definition and the breathalyzer test definition of a violation of the implied consent law. In Mississippi, these definitions are merely two ways of committing the offense. Young v. City of Brookhaven, 693 So.2d 1355, 1358 (Miss.1997). The court properly explained this at the trial de novo in the Circuit Court of Yalobusha County, and further noted that Wright could only be convicted of the DUI once, regardless of the number and quanta of proof -available. We find no error.
III. DID THE COURT ERR IN DENYING WRIGHT’S MOTION FOR A NEW TRIAL?
¶ 7. Wright argues that the court erred in denying his motion for a new trial *1244 because he had ingested a breath mint within the fifteen minutes immediately pri- or to his breathalyzer test, and that because he had eaten the breath mint, the results were inaccurate. We find no record of such motion; accordingly, we find no error.
CONCLUSION
¶ 8. Wright makes three assignments of error. He argues that he was either not asked about any medical impairment that would prevent him from performing the field sobriety test; or that the administering officer was required by law to ask him if he suffered from any such impairment. The evidence offered demonstrates that Wright was indeed asked that question, and the law does not require the question to be asked.
¶ 9. Wright argues that he was improperly convicted twice of the same offense, as he was charged under both common law DUI and DUI as determined through the breathalyzer test. In Mississippi, the offense is the same, although there are several ways to commit it. Wright was only convicted on one count of driving under the influence; consequently, we find no error. Finally, Wright argues that he was improperly denied a new trial. We find no record of such a motion.
¶ 10. For the foregoing reasons, we affirm.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF YALOBUSHA COUNTY OF CONVICTION OF MISDEMEANOR DUI AND SENTENCE OF ATTENDING THE MISSISSIPPI ALCOHOL SAFETY EDUCATION PROGRAM AND FINE OF $750 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.