BRIDGES, J.,
for the court.
¶ 1. Jeno Fulop brings this appeal from a decision of the Lafayette County Chancery Court dismissing his breach of contract action against Frank Suta as barred by the statute of frauds and time-barred by the statute of limitations. Fulop filed a motion to reconsider that the court denied. Fulop then timely perfected his appeal to this Court.
STATEMENT OF ISSUES
I. DID THE CHANCELLOR ERR WHEN HE DISMISSED FULOP’S CASE AS BARRED BY THE STATUTE OF FRAUDS?
II. DID THE CHANCELLOR ERR WHEN HE DISMISSED FULOP’S ACTION AS TIME-BARRED BY *895 THE STATUTE OF LIMITATIONS?
STATEMENT OF FACTS
¶ 2. Jeno Fulop entered into a contract with Frank Suta in 1986 to purchase land from Suta, and for Suta to install on the land a trailer, a well, electrical service, and a septic tank. Fulop paid Suta from the proceeds of the sale of Fulop’s home in California. When Fulop arrived in Lafayette County to receive the conveyance, he discovered that Suta had dug both the well and the septic tank not on Fulop’s property, but in fact on Suta’s property. However, the friendship between the two men prevented any problems from arising for fourteen years.
¶ 3. In May of 1999, the well’s motor burnt out. Fulop offered to help pay for repairs, but Suta told Fulop that Suta’s homeowner’s insurance would cover it. But from May of 1999, Suta demanded monthly payments of $50 for continued use of the water. Fulop countered with an offer of $20 per month, which Suta accepted. These payments continued until Suta cut off Fulop’s water in October 2000, apparently in a dispute over Fulop’s refusal to repair a tractor that Suta owned. Fu-lop was without water service for ten days, during which time he borrowed money from his neighbors, the Kings, and dug a well on his own property. The land under which Fulop’s septic tank sits has since 1986 been sold to a third party not involved in this suit.
ANALYSIS
I. DID THE CHANCELLOR ERR WHEN HE DISMISSED FULOP’S CASE AS BARRED BY THE STATUTE OF FRAUDS?
¶4. Mississippi’s statute of frauds bars oral contracts not to be performed within fifteen months, as well as unwritten leases longer than one year, as unenforceable. Miss.Code Ann. § 15-3-1 (Rev.2000). We are not certain how the chancellor classed the oral contracts involved here, whether as a lease or a personal services contract, as the chancellor provided no conclusions of law to support his decision. In Mississippi, courts sitting without juries are required to provide both a factual basis for their decisions in the form of concrete findings of fact and conclusions of law that are supported in toto by those findings of fact. M.R.C.P. 52(a). Failure to provide this Court with findings of fact and conclusions of law precludes us from performing our appellate duties. Tricon Metals & Servs., Inc. v. Topp, 516 So.2d 236, 238 (Miss.1987).
¶ 5. Presumably, the initial contract where Suta agreed to dig a well and septic tank for Fulop on Fulop’s future property was a contract for services, which the court noted was breached in 1986 when Suta dug the well on his own property and the septic tank on property which was later sold to a third party. Apparently, Fulop consented to the situation, which was presented to him as a fait accompli upon his arrival in Lafayette County from California. The court did not address whether Fulop’s consent created an implied contract for continued water service by Suta to Fulop’s property, but this seems likely.
¶6. However, in 1999 Suta compelled Fulop to pay for the continued use of Fulop’s well (which was situated on Suta’s property and apparently provided water for other neighboring properties also). These payments may either constitute a modification of an existing implied contract for Suta to provide water service to Fulop (who paid for the well initially), or an entirely new personal services contract, or a lease. See Continental Ins. Co. v. *896 Transamerica Rental Fin. Corp., 748 So.2d 725, 734-35 (¶ 40-44) (Miss.1999) (discussing the conditions for oral modification of a written contract); Eastline Corp. v. Marion Apt., Ltd., 524 So.2d 582, 584 (Miss.1988) (discussing difference between modification of existing contract and formation of new contract); Smith v. H.C. Bailey Co., 477 So.2d 224, 234 (Miss.1985) (reversing and remanding summary judgment because the trial court ignored issues of material fact regarding the formation of an oral contract). These issues were not sufficiently addressed by the court for this Court to reach a decision on them, and on this count we must reverse and remand for further findings of fact and conclusions of law.
II. DID THE CHANCELLOR ERR WHEN HE DISMISSED FULOP’S ACTION AS TIME-BARRED BY THE STATUTE OF LIMITATIONS?
¶ 7. Mississippi’s general statute of limitations provides for a three-year time period before the action is cut off. Miss.Code Ann. § 15-1-49 (Rev.2000). Mississippi also provides for a three-year limitations period for purely oral contracts and implied contracts. Miss.Code Ann. § 15-1-29 (Rev.2000). Since Fulop’s action is based on contract theory and on a theory of fraud, it is safe to say that the appropriate time for him to act was within three years of accrual of the cause of action.
¶ 8. Thus the real question facing this Court is when Fulop’s cause of action accrued, which draws on the nature of Fulop’s agreement or agreements with Suta. There is no doubt that as far as Suta and Fulop’s original agreement on the digging of the well and septic tank, the statute of limitations has run. There are however a number of other issues involved, including the nature of the agreement between Fulop and Suta for Fulop’s continued use of the well, and whether Fulop detrimentally relied on Suta’s representations, and whether or not Suta made those representations in good faith. It is quite possible that if Suta made fraudulent misrepresentations, that the statute of limitations may be tolled. Consequently, we must remand for further findings of fact and conclusions of law.
CONCLUSION
¶ 9. We are faced with a dilemma: on the one hand, the findings of fact appear to be directly in the appellant’s favor. On the other hand, the chancellor has not seen fit to grace this Court with clear conclusions of law supported by the facts. The court below speaks vaguely of the nature of the statute of frauds, while refusing to characterize the agreements between Fu-lop and Suta as contracts for personal services or leases. The court also neglected to address the issue of whether the arguably tortious conduct of Suta in coercing payment from Fulop for the use of a well Fulop paid for tolled the statute of limitations.
¶ 10. Consequently, this Court must reverse and remand the case for further proceedings consistent with this opinion.
¶ 11. THE JUDGMENT OF THE CHANCERY COURT OF LAFAYETTE COUNTY OF DISMISSAL IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, P.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. SOUTHWICK, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J.