SOUTHWICK, P.J.,
for the Court.
¶ 1. Washington County was ordered to fill a ditch and service a culvert on property owned by Earnestine Graves. We agree with the County that the evidence was insufficient to sustain the order. The judgment is reversed and we render a judgment in favor of the County.
FACTS
¶ 2. This property once was owned by Isaiah and Cleo Franklin, now deceased. Earnestine Graves has had knowledge of the land since she was five years old in 1946. The former co-owner Cleo Franklin was her aunt. The property was conveyed to Graves in 1963. Graves does not remember a ditch on the property during her childhood. There is now a ditch in the middle of the property which Graves claims floods and causes the property to have no significant value.
¶ 3. Graves admits that from 1963 to 1997 she had no knowledge of the condition of the property. When she had the land cleared in 1997, she discovered the ditch and culvert. She does not know who is responsible for their creation. Graves claims that Isaiah Franklin stated that he did not have any knowledge of who was responsible for the ditch and culvert. Mr. Franklin discovered them when he returned to the property after being away for awhile.
¶ 4. Graves filed suit against the County in May 2000. She sought injunctive relief against the nuisance. She claimed that the County had dug the ditch and directed culverts towards it. Resulting flooding of *1115 her property caused problems with mosquitoes, rats, snakes, and debris. Washington County denied responsibility for the ditch and alleged that the Mississippi State Highway Department, now the Department of Transportation, may have installed the culvert since it initially owned the road adjacent to the property.
¶ 5. On August 3, 2000, the court issued an order which stated that the County had wrongfully installed a culvert and dug a ditch on the property. The court ordered the County to close the culvert flowing onto the property, and fill in and cover the ditch. Later, the trial court reconsidered and conducted a trial in October 2001.
¶ 6. At trial, Graves produced a witness who remembered seeing someone operating heavy equipment on the property, in the vicinity of the ditch, some time in the 1970s. The witness provided no specifics. No one else testified as to any knowledge about the creation of the ditch.
¶ 7. Washington County called three witnesses — a county engineer, a county supervisor, and a road manager. Collectively, their testimony was that the County had nothing to do with creating or maintaining the ditch. The ditch was lined on both sides with trees that were at least twenty five to thirty years old and the culvert underneath the trees was galvanized. Such culverts had not been installed during their sixteen to twenty two years with the County.
¶ 8. Washington County was ordered to fill the ditch and service both the culvert and possibly the bayou in the rear of the property. The County appeals.
DISCUSSION
¶ 9. A chancellor’s fact findings will be sustained on appeal unless they are clearly erroneous or are the result of application of the wrong legal standard. McNeil v. Hester, 753 So.2d 1057, 1063 (Miss.2000). Washington County claims that the chancellor erred in failing to make findings of fact and conclusions of law when the judgment was entered more than fourteen months after trial. It is further claimed that because the chancellor issued the final judgment on the last day of her term in office in 2002, a post-judgment request for findings of fact was impossible.
¶ 10. A civil rule requires fact-findings in certain situations. “In all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specifically and state separately its conclusions of law thereon and judgment shall be entered accordingly.” M.R.C.P. 52(a).
¶ 11. The Supreme Court determined that absent a party’s request, the rule should be construed to mean that a judge “generally should” make findings in complex cases, and a failure to provide such findings will generally be regarded as an abuse of discretion. Tricon Metals & Services, Inc. v. Topp, 516 So.2d 236, 239 (Miss.1987). While there is no rule to require a chancellor to make findings of fact and conclusions of law when no request is made, whether findings should be made primarily depends on the complexities of the case. See M.R.C.P. 52 cmt.
¶ 12. We do not find any particular complexity to this case. There was no request, though the chancellor’s resolving this case on her last day in office would have made a post-judgment request useless. A request could have been made during the fourteen months that transpired after trial and before the chancellor reached her decision.
¶ 13. The problem in this case is not the absence of findings but the absence of evidence. Nothing in the record provides any factual support for the County’s re *1116 sponsibility for creating this ditch, or after having been created by unknown persons, for the County’s assuming some responsibility for it. This was land that for extended periods of time was ignored by those who participated in this case. At some stage the ditch was created. Who created it remains unknown. The County denied responsibility and Graves presented no evidence supporting the County’s involvement.
¶ 14. Since no evidence was introduced that would make Washington County responsible for the problems that Graves asserts exist, we reverse and enter judgment for the County.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF WASHINGTON COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
KING, C.J., BRIDGES, P.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.