CARLTON, J.,
DISSENTING:
¶ 19. I respectfully dissent, as I disagree with the majority’s determination that the appellate record supports a finding that the chancellor abused his discretion by refusing to reopen the time for appeal.
¶20. In this case, Cuevas missed the deadline for filing his notice of appeal from an adverse ruling in Harrison County Chancery Court, which was entered on November 1, 2010. Pursuant to Appellate Rules 4(a) and (d), Cuevas had thirty days from this date to file a notice of appeal. On December 10, 2010, Cuevas filed a motion to reopen the time for appeal under Appellate Rule 4(h), alleging he did not receive proper notice of the chancellor’s November 1, 2010 order. The chancellor refused to reopen the time for appeal. On appeal to this Court, the majority found that Cuevas’s specific factual denial of receipt of notice of the chancellor’s order, supported by an affidavit from his attorney and other documentation, was sufficient to rebut the presumption of notice. However, I submit that the record supports the chancellor’s denial of Cuevas’s motion, and I submit that Cuevas’s denial conflicts with the record.
¶ 21. The chancellor herein was not required to make findings in support of his denial, and our standard of review requires that we affirm the chancellor if his decision is supported by substantial evidence. Rule 4.01 of the Uniform Chancery Court Rules[3] and Rule 52 of the Mississippi Rules of Civil Procedure allow the trial court to make specific findings of fact and “state separately its conclusions of law thereon[.]” Rule 52 gives the trial court the discretion to make such findings absent a parties’ request.
¶ 22. In Omnibank of Mantee v. United Southern Bank, 607 So.2d 76, 82 (Miss.1992), the Mississippi Supreme Court stated that where a trial court sits without a jury, the trial court’s judgment will be affirmed on appeal where the record includes substantial supporting evidence. The supreme court acknowledged that when the trial court fails to provide findings of fact reasonably prerequisite to its judgment, appellate courts must assume the trial court resolved the remaining issues consistent with the judgment. Id. The supreme court further clarified that “[tjhese implied findings are protected by the substantial evidence rule the same as express findings.” Id.
¶ 23. In this case, the chancellor denied the motion to reopen time for appeal without providing findings, and the record shows that neither party requested specific findings from the chancellor. I submit that the record provides sufficient facts in support of the chancellor’s discretion in denying Cuevas’s motion to reopen the time for appeal for us to apply the “implied findings” doctrine, thus allowing us to assume the chancellor made determinations of fact sufficient to support his judgment. See Tricon Metals & Servs., Inc. v. Topp, 516 So.2d 236, 238 (Miss.1987); Pace v. Owens, 511 So.2d 489, 491-92 (Miss.1987). The record shows evidence conflicting with the attempt by Cuevas’s counsel, Biegel, to rebut the presumption of notice. Specifi- *942 eally, the record reflects that the court records and the order itself indicate that notice was sent to the four counsel (of record) due to the notation “4C.” A review of the record further shows that the language of the affidavit by Cuevas’s counsel fails to claim that she was unaware of the court ruling; instead, the affidavit simply asserts lack of receipt of notice. The record shows that this matter was pending in chancery court, and Ladner and Smith’s brief appropriately recognizes an attorney’s established duty to be diligent in checking the court record and docket, particularly in a case taken under advisement by a chancellor.
¶ 24. Paragraph four of the affidavit by Cuevas’s counsel provides that neither she nor her office received notice from the clerk or any party. However, her affidavit does not state that she was unaware of the order. Her affidavit also does not state that “counsel of record” failed to receive notice from the clerk. Significantly, the disputed order shows that “4C” is handwritten at the bottom of the page at the end of the order. I submit that such notation provides a basis for the chancellor to determine copies were sent to the four counsel of record, contradicting the affidavit of Cuevas’s counsel denying receipt of notice. Additionally, the order signed by the chancellor denying Cuevas’s motion to reopen time for appeal similarly shows on the bottom of the page in handwritten script the following notation: “Six copies Walter Nixon, Esq., Michele Biegel, Wayne Farrell, Scott Ellzey, Ron Yar-brough,[and] James Simpson.” I thus submit that the record supports the chancellor’s decision denying Cuevas’s request to reopen the time for appeal. Furthermore, I find that the denial of receipt of notice of the chancellor’s November 1, 2010 order by Cuevas’s counsel is insufficient to constitute a specific factual denial of receipt of notice by counsel of record, especially where the denial and the counsel’s affidavit contradict the face of the record. Therefore, I respectfully dissent, and I would affirm the chancellor’s denial of Cuevas’s motion to reopen time for appeal.
ISHEE, J., JOINS THIS OPINION.

. "In all actions where it is required or requested pursuant to MRCP 52, the chancellor shall find the facts specially and state separately his conclusions of law thereon. The request must be made either in writing, filed among the papers in the action, or dictated to the Court Reporter for record and called to the attention of the chancellor.”