304 So.2d 634 (1974)
Mrs. Opal Ernestine JOYCE, Gdn. of Kenneth Patrick Joyce and Individually
v.
James BROWN and R.D. Brown.
No. 47345.
Supreme Court of Mississippi.
May 6, 1974.
As Modified on Denial of Rehearing September 3, 1974.
R.M. Sullivan, Samuel E. Farris, Hattiesburg, for appellant.
Zachary, Weldy & Ingram, Hattiesburg, for appellees.
SUGG, Justice:
This is an appeal from the Chancery Court of Forrest County and involves validity of a settlement of a doubtful claim of a minor. In response to a petition for rehearing by the appellee, the former opinion of the Court is withdrawn and that stated hereinafter becomes the opinion of the Court. No response by the appellant was necessary since the result of the appeal remains the same.
On August 23, 1970, Kenneth Joyce, a minor, was struck by an automobile driven by James Brown (also a minor) and was injured. Thereafter, on September 23, 1970, Kenneth's mother, Mrs. Opal Ernestine Joyce, was appointed as her son's legal guardian, and on that same date a decree was entered by the court authorizing Mrs. Joyce to settle a doubtful claim of her ward against James Brown and R.D. Brown, his father, in the amount of $8500. The decree authorizing the settlement directed Mrs. Joyce to post a $6,000 bond. Mrs. Joyce signed a release in favor of the Browns, endorsed the draft for $8500 in *635 settlement of the claim, and delivered the release and draft to her attorney, Carl E. Berry, Jr. The $6,000 bond, required by the decree authorizing settlement of the minor's claim, was never filed and the $8500 was never deposited in any guardianship account. Attorney Berry died and no trace of the settlement money can be found.
Mrs. Joyce, complainant in this cause, brought suit to set aside the original proceeding in which she was authorized to settle her ward's claim against the Browns, alleging that a legal fraud was perpetrated upon the court and her ward. In the same action Mrs. Joyce brought suit against the Browns in behalf of her ward for alleged negligent injuries inflicted upon him, claiming $50,000 damages, and further brought suit against the Browns in behalf of herself for $5,946.55 in medical expenses incurred by her in the care of her ward. After a lengthy hearing the chancellor sustained the motion of defendants to exclude the complainant's evidence and dismissed the complainant's bill. Mrs. Joyce prosecutes an appeal from this action of the chancellor.
The complainant attacks the validity of the original decree authorizing settlement of her ward's claim against the Browns on two grounds: (1) The release she signed in consideration of the $8500 settlement was invalid due to her failure to post the $6,000 bond required by the chancellor in his decree authorizing the settlement; and, (2) the chancellor failed in his duty to have a full hearing on the issue of whether or not authority should have been granted to the guardian to settle the doubtful claim.
Since the decree of the chancellor must be reversed on the first ground, we do not find it necessary to reach the second ground because the requirements for an evidentiary hearing to settle doubtful claims are set forth in Estate of Jones v. Culley, 242 Miss. 822, 134 So.2d 723 (1961) and Union Chevrolet Co. v. Arrington, 162 Miss. 816, 138 So. 593 (1932).
The record reflects that the chancellor signed a decree directing the chancery clerk to issue letters of guardianship to Mrs. Joyce. Pursuant to that decree Mrs. Joyce executed a $500 bond and took the oath prescribed by Miss. Code Ann. § 93-13-17 (1972). When the chancellor authorized Mrs. Joyce to settle her ward's claim for $8500, he directed her to enter into a $6,000 bond, correctly reasoning that a $500 guardian's bond would not adequately protect the minor's interest. The applicable portion of § 93-13-17 recites the following:
Every guardian, before he shall have authority to act, shall, unless security be dispensed with by will or writing, enter into bond, payable to the state, in such penalty and with such sureties as the court may require; and the bond shall be recorded, and may be put in suit for any breach of the condition, whether the appointment be legal or not; .. . (Emphasis supplied).
The intent of the statute is clear: A guardian has no authority to act in behalf of a minor unless the guardian has posted the bond required by decree of the chancellor giving the guardian authority to act. While it is true in the case at bar that Mrs. Joyce posted a $500 bond required by the decree granting her letters of guardianship, that bond merely qualified her to act in the capacity of a guardian. She had no authority to act further in the matter of settling her ward's claim until she received permission to do so by court order. Mrs. Joyce received that permission in the court's decree granting her authority to settle the doubtful claim, but that authority was conditioned upon the proper posting of the bond required by that decree. Mrs. Joyce never posted the required $6,000 bond and therefore had no authority to settle any claim of her ward. Since Mrs. Joyce acted without authority in releasing the Browns from further claims, the release which she executed is null and void.
Because the posting of any bond required by a chancellor is a condition *636 precedent to the authority of a guardian to act in behalf of a minor, it is incumbent upon those paying money to a guardian to make certain that the chancellor's decree is faithfully executed in every respect. In the instant case Mrs. Joyce failed to post the bond required and therefore had no power to settle her ward's claim; the Browns paid $8500 to Mrs. Joyce and accepted a release from her without first ascertaining that Mrs. Joyce had posted bond and was thus empowered to settle the claim. The omissions of both parties were fatal to a valid settlement of the minor's claim.
The release is set aside and this cause is reversed and remanded for a hearing on the questions of negligence and damages.
Reversed and Remanded.
All justices concur.