IN THE SUPREME COURT OF MISSISSIPPI

NO. 2009-CA-01200-SCT

*LAURA CARPENTER*

*v.*

*TANGELA BERRY, RICKY BANKS AND THE*
*GUARDIANSHIP OF RYHEIM BANKS*


| | |
|---|---|
| DATE OF JUDGMENT: | 06/30/2009 |
| TRIAL JUDGE: | HON. KENNIE E. MIDDLETON |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | HEBER S. SIMMONS, III |
| | CHRISTOPHER G. HENDERSON |
| | SETH HALL |
| ATTORNEYS FOR APPELLEES: | SHANE F. LANGSTON |
| | REBECCA M. LANGSTON |
| | TIMOTHY W. PORTER |
| | PATRICK C. MALOUF |
| | JOHN T. GIVENS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED IN PART - 02/10/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**EN BANC.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.     In this case, Guardians[1] of a minor child settled all claims against the defendant, Laura

Carpenter. Approximately three years after approving the settlement, the Guardians filed a

_____

[1]Tangela Berry and Ricky Banks.

petition to set aside the settlement, and the chancellor granted the requested relief under Rule 60(b) of the Mississippi Rules of Civil Procedure. Carpenter argues the chancellor abused his discretion in setting aside the settlement. We affirm in part and reverse in part. We affirm the set-aside of the minor's settlement. But we reverse the set-aside of the settlement of the Guardians' individual claims.

## FACTS

¶2. On June 4, 2004, Tangela Berry and Ricky Banks filed a negligence action in the circuit court for damages related to Berry's pregnancy and the birth of their son, Ryheim Banks.[2] They named as defendants: Tom Carey, M.D.; Natchez Community Hospital, Inc.; OB-GYN Clinic, Inc.; Donielle Daigle, M.D.; Laura Carpenter [registered nurse]; and Jane Does 1-4.

¶3. While the negligence action was pending in circuit court, Berry and Banks obtained Letters of Guardianship and petitioned the chancery court for authority to settle minor's claim against Laura Carpenter.[3] The Guardians requested approval of a $25,000 settlement to be apportioned among the parties (Berry, Banks, and Ryheim), with $10,000 of it as the attorney's fee. Under the proposed settlement, the Guardians agreed to execute an agreed order of dismissal with prejudice of their individual claims against Carpenter.

¶4. At the hearing on the petition, the Guardians' attorney, Everett Sanders, did not call or question any witnesses. He informed the court that Carpenter's "involvement,

---

[2]Ryheim Banks was born September 24, 2003, with serious physical problems and mental retardation.

[3]*See* Miss. Code Ann. § 93-13-59 (Rev. 2004) (providing that guardians can "compromise claims due their wards").

individually, is negligible" and that the $25,000 settlement offer was "appropriate." He also proposed that the amount be apportioned, with $10,000 for attorney's fees, $5,000 going into an account for the minor, and $5,000 to each parent. Sanders informed the court that $400,000[4] had been billed in connection with the minor, and that he was trying to have Medicaid waive any claim against the settlement proceeds.

¶5.    Carpenter's attorney questioned Berry and Banks regarding the settlement. They confirmed that the settlement agreement would release all existing and future claims against Carpenter for the care and treatment rendered. They also confirmed that it was their decision, based on advice from their attorneys, to settle Ryheim's claims against Carpenter for $25,000. Berry and Banks provided no testimony regarding the substance of the claims or damages incurred.

¶6.    On August 11, 2005, the chancellor entered an order authorizing settlement of the claims and approving the apportionment. The chancellor attached the Guardians' proposed release as an exhibit to his order. The chancellor found the settlement to be a "fair and reasonable settlement of a doubtful claim and it is in the best interest of the minor and all others[.]" The chancellor also granted the Guardians' *ore tenus* motion to deposit the minor's proceeds from the settlement in an interest-bearing account.

¶7.    On July 21, 2008, the Guardians, with new counsel, filed a petition to set aside the settlement under "Rule 60(b)." They argued that the settlement agreement was no longer in the child's best interest under *J & J Timber Co. v. Broome*, 932 So. 2d 1 (Miss. 2006),

---

[4]The record is unclear as to whether this amount constitutes medical expenses.

which held that settlement with a tortfeasor precluded recovery against the tortfeasor's employer under a theory of vicarious liability.[5] But the Guardians abandoned this argument after this Court decided **Whitaker v. T & M Foods**, 7 So. 3d 893 (Miss. 2009), which held that the retroactive application of *J & J Timber* to the releases at issue violated the Contracts Clause of the Mississippi Constitution.

¶8.    The Guardians filed an amended petition to set aside settlement under "Rule 60(b)." *See* Miss. R. Civ. P. 60(b).  In their amended petition, the Guardians argued that the chancellor still should set aside the settlement based on their recent discovery that Carpenter had a $1,000,000 insurance policy with coverage in this matter.  They argued that the policy never was disclosed to them or the court prior to the settlement.  The Guardians also argued that prior counsel had failed to make any effort to prosecute the case or conduct any discovery in order to negotiate a proper settlement.

¶9.    In response to the amended petition to set aside settlement, Carpenter argued that the chancellor had no authority to consider the motion under Rule 60(b)(1), (2), or (3) because it was untimely.  Carpenter also argued that the parties had entered into a settlement one year after the Guardians had filed the complaint in circuit court, and that the Guardians' former counsel had had adequate time to review medical records and discuss with experts a reasonable settlement value.  Carpenter argued that setting aside the settlement would be an

---

[5]At the hearing on the petition to set aside the settlement, the court was informed that "All parties agree that the settlement that was approved by this Court for this minor did not intend and did not, on its face, release the vicarious claims that the minor and the parents have against Natchez Community Hospital."

4

injustice and would force her to litigate a case that the circuit court had dismissed with prejudice three years earlier.

¶10. The Guardians then filed a supplement to their amended petition to set aside settlement. Attached to the supplement were affidavits, in which both Guardians averred that they never were informed by their previous counsel of Carpenter's potential liability, any expert opinions regarding Carpenter's negligence, the value of their case, or the amount of Carpenter's liability insurance. The Guardians claimed that, had they known this information, they never would have agreed to the settlement of $25,000.

¶11. After a hearing, the chancellor issued an order granting the petition to set aside settlement. Without identifying a specific subsection of Rule 60(b), the chancellor found that:

> [T]here was insufficient evidence at the time of settlement and at the August 11, 2005, hearing on Petition to Approve Settlement to establish that Petitioner's settlement with Defendant Laura Carpenter was fair and reasonable and in the best interests of the minor, Ryheim Banks. Further, additional evidence has been presented to the Court which demonstrates that the $25,000 settlement with Ms. Carpenter was not fair and reasonable and in the minor's best interest.

Carpenter argues on appeal that the chancellor abused his discretion in setting aside the settlement under Mississippi Rule of Civil Procedure 60(b).

## DISCUSSION

I. **Whether the chancellor abused his discretion by not including findings of fact and conclusions of law with his order.**

¶12. As a preliminary matter, Carpenter argues the chancellor abused his discretion by not including findings of fact and conclusions of law with his order. In support of this argument,

5

Carpenter relies on Mississippi Rule of Civil Procedure 52(a) and our decision in *Tricon Metals & Services, Inc. v. Topp*, 516 So. 2d 236 (Miss. 1987). Rule 52(a) provides that:

> In all actions tried upon the facts without a jury the court *may*, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon and judgment shall be entered accordingly.

Miss. R. Civ. P. 52(a) (emphasis added).

¶13.    Carpenter does not allege that any party requested findings of fact or conclusions of law or that such findings were required by rule. She argues that the discretionary language of Rule 52(a) is modified by our decision in *Tricon Metals*. In *Tricon Metals*, the Court determined "whether and when a trial court should make findings of fact and conclusions of law" when not requested by either party. *Tricon Metals*, 516 So. 2d at 237, 239. We held that "[w]here . . . a case is hotly contested and the facts greatly in dispute and where there is any complexity involved therein, failure to make findings of ultimate fact and conclusions of law [under Rule 52(a)] will generally be regarded as an abuse of discretion." *Id.* at 239. This Court will remand for findings of fact and conclusions of law where it is not "obvious from a review of the record such that the absence of written findings may be excused." *Precision Interlock Log Homes, Inc. v. O'Neal*, 689 So. 2d 778, 780 (Miss. 1997).

¶14.    After reviewing the chancellor's order, we find that he did not grant the Rule 60(b) petition without any reasoning. His order communicates to the parties and to this Court that he found "insufficient" evidence to support the settlement and "additional" evidence that it should be set aside. Additional evidence was presented through the petitions and hearing.

6

We find that the chancellor did not abuse his discretion, as the issue at hand is not complex, nor are the facts greatly in dispute.

**II.      Whether the chancellor abused his discretion in setting aside the settlement.**

¶15.     The chancellor considered the petition to set aside the settlement under Mississippi Rule of Civil Procedure 60(b). This Court must evaluate the granting of a Rule 60(b) motion for abuse of discretion. ***Cucos, Inc. v. McDaniel***, 938 So. 2d 238, 245 (Miss. 2006) (citing ***Montgomery v. Montgomery***, 759 So. 2d 1238, 1240 (Miss. 2000)). We are bound to affirm the chancellor's decision unless it was manifestly wrong, clearly erroneous, or applied an incorrect legal standard. ***Id.***

¶16.     Carpenter correctly argues that the chancellor had no discretion to rule on the motion pursuant to Rule 60(b)(1), (2), or (3), since the chancellor had approved the settlement three years prior. Rule 60(b) specifically provides that a motion under sections (1), (2), or (3) "shall be made . . . not more than six months after the judgment, order, or proceeding was entered or taken." Miss. R. Civ. P. 60(b). So the chancellor must have proceeded under Rule 60(b)(5) or Rule 60(b)(6), because Rule 60(b)(4) is inapplicable. Miss. R. Civ. P. 60(b)(4) (under Rule 60(b)(4), the court may relieve a party from final judgment if "the judgment is void"). Under Rule 60(b)(5), the court may relieve a party from final judgment if:

> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or *it is no longer equitable that the judgment have prospective application.*

Miss. R. Civ. P. 60(b) (emphasis added). And under Rule 60(b)(6), the court may grant relief for "any other reason justifying relief from the judgment." Miss. R. Civ. P. 60(b)(6).

7

¶17. "Relief under Rule 60(b)(6) is reserved for extraordinary and compelling circumstances," and the rule is a "grand reservoir of equitable power to do justice in a particular case." ***Briney v. U.S. Fid. & Guar. Co.***, 714 So. 2d 962, 966 (Miss. 1998). The determination of whether a Rule 60(b)(6) motion has been made within a reasonable time is considered on a case-by-case basis. Miss. R. Civ. P. 60(b); ***Cucos***, 938 So. 2d at 245. The following factors are relevant in adjudicating a Rule 60(b)(6) motion:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) [relevant only to default judgments]; (6) whether if the judgment was rendered after a trial on the merits-the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

***M.A.S. v. Miss. Dep't of Human Servs.***, 842 So. 2d 527, 530 (Miss. 2003) (citing ***Briney***, 714 So. 2d at 968).

¶18. This is no ordinary Rule 60(b) case, because it involved the rights of a minor under guardianship. "A minor under guardianship is a ward of the Chancery Court." ***Matter of Conservatorship of Mathews***, 633 So. 2d 1038, 1039 (Miss. 1994) (quoting ***Welch v. Childers***, 195 Miss. 415, 420, 15 So. 2d 690, 691 (1943)). This Court has articulated a chancellor's duty toward a minor under guardianship as follows:

> Infants and persons of unsound mind are disabled under the law to act for themselves. Long ago it became the established rule for the court of chancery to act as the superior guardian for all persons under such disability. This inherent and traditional power and protective duty is made complete and irrefragable by the provisions of our present state constitution. It is not competent for the Legislature to abate the said powers and duties or for the said court to omit or neglect them. It is the inescapable duty of the said court

8

and or the chancellor to act with constant care and solicitude towards the preservation and protection of the rights of infants and persons non compos mentis. The court will take nothing as confessed against them; will make for them every valuable election; will rescue them from faithless guardians, designing strangers, and even from unnatural parents, and in general will and must take all necessary steps to conserve and protect the best interest of these wards of the court. The court will not and cannot permit the rights of an infant to be prejudiced by a[] waiver, or omission or neglect or design of a guardian, or of any other person, so far as within the power of the court to prevent or correct. *Grif. Chan. Prac.* §§ 45, 360, 530, 533. All persons who deal with guardians or with courts in respect to the rights of infants are charged with the knowledge of the above principles, and act to the contrary thereof at their peril.

*Id.* (quoting ***Union Chevrolet Co. v. Arrington***, 162 Miss. 816, 826, 827, 138 So. 593, 595 (1932)).

¶19.    Additional considerations are presented because the procedures promulgated by our court rules pertaining to the settlement of Ryheim's claims were not followed. Mississippi Code Section 93-13-59 states, in part:

> Guardians may be empowered by the court, or chancellor in vacation, to sell or compromise claims due their wards, on the same proceedings and under the same circumstances prescribed in reference to the sale or compromise by an executor or administrator of claims belonging to the estate of a deceased person.

Miss. Code Ann. § 93-13-59 (Rev. 2004). Uniform Rule of Chancery Court Procedure 6.10 provides, in part:

> Every petition for authority to compromise and settle a claim for wrongful death or injury shall set forth the facts in relation thereto and the reason for such compromise and settlement and the amount thereof. The material witnesses concerning the injury or death and the damages resulting therefrom shall be produced before the Chancellor for examination. Where counsel representing the petition has investigated the matter and advised settlement, he shall so appear and give testimony touching the result of his investigation.

9

Unif. Chanc. Ct. R. 6.10. The settlement proceedings reflect a departure from the requirements of Rule 6.10. While the petition for settlement requested that the Chancellor find the settlement of $25,000 to be a fair, just, and equitable settlement in the minor's best interest, it did not state "the reason for such compromise and settlement." Unif. Chanc. Ct. R. 6.10. It set forth only a cursory description of the facts relating to the claim. And, no "material witnesses concerning the injury or death and the damages resulting therefrom" were "produced before the Chancellor for examination." *Id.* Thus, the chancellor had no witness testimony before him substantiating the minor's injury and the potential value of the case.

¶20. The case of *Joyce v. Brown*, 304 So. 2d 634 (Miss. 1974), presented a similar situation regarding a fatal error in a minor's settlement proceeding. In *Joyce*, the chancery court entered a decree allowing the settlement of minor's doubtful claim. *Id.* at 634. Although the decree had required the guardian to post a $6,000 bond as mandated by statute, the guardian failed to post a bond. *Id.* at 635. The guardian signed a release, endorsed a $8,500 draft in settlement of the claims, and delivered the release and the draft to her attorney. *Id.* at 634-35. Subsequently, the attorney died and the settlement money could not be found. *Id.* at 635. But when the guardian brought suit to set aside the settlement, the chancery court denied relief. *Id.*

¶21. This Court reversed for a hearing on negligence and damages. *Id.* at 636. The Court found that, by statute, a guardian lacks authority to settle a minor's claims without posting the bond required by the chancellor's decree that authorized the guardian to act. *Id.* at 635. Therefore, the Court found, "it is incumbent upon those paying money to a guardian to make

10

certain that the chancellor's decree is faithfully executed in every respect." *Id.* at 636. The Court observed that the Browns had paid $8,500 to Joyce and had accepted a release without first ascertaining that Joyce had posted the required bond and was empowered to settle the case. *Id.* The Court stated that "[t]he omissions of both parties were fatal to a valid settlement of the minor's claim." *Id.*

¶22. Similar considerations are present in this case. Evidence before the chancellor showed that the prior proceedings were flawed and not in the best interest of the minor child. Specifically, the petition for settlement was incomplete, and there was no witness testimony on the minor's injury or damages. The prior settlement proceedings were inadequate to have enabled the chancellor's determination that the settlement was fair and reasonable to the minor under guardianship. It is apparent that the chancellor recognized his error in approving the settlement, as well as his ultimate duty to assure that the settlement was fair to the minor under guardianship, and appropriately set aside the settlement.

¶23. The chancellor properly exercised the discretion afforded by Rule 60(b)(6) by finding that the need to fairly protect the ward's interests outweighed the need for finality, and it cannot be said under these facts that the chancellor's decision to set aside the minor settlement agreement was manifestly wrong or clearly erroneous. Therefore, we affirm the set-aside of the minor's settlement. To reiterate our pronouncement in *Joyce*, we note that it is incumbent upon a settling defendant to assure that all of the procedures set out by this Court are followed or risk a set-aside of the settlement. *See Joyce*, 304 So. 2d at 636. We clarify that, because the chancellor had no special duty to protect the Guardians, and the Guardians' claims were properly dismissed by the order as agreed by the parties, we affirm

11

the set-aside of the minor's settlement only. To the extent that the chancellor's order disturbed the settlement of the Guardian's individual claims, it is reversed.

<u>CONCLUSION</u>

¶24. The facts of this case implicate the chancellor's extraordinary duty as the superior guardian of a ward of the court to protect and preserve the interests of the ward. ***Union Chevrolet Co.***, 162 Miss. at 826, 827, 138 So. at 595. The procedures promulgated by Rule 6.10 were not followed in settling the minor's claims, and the chancellor acted within his discretion in setting aside the minor's settlement. Therefore, we affirm in part and reverse in part the order granting the Guardians' petition to set aside the settlement. We affirm the set-aside of the minor's settlement, and reverse the set-aside of the settlement of the Guardian's individual claims.

¶25. **AFFIRMED IN PART AND REVERSED IN PART.**

**RANDOLPH AND KITCHENS, JJ., CONCUR. GRAVES, P.J., CONCURS IN RESULT ONLY. LAMAR, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., CARLSON, P.J., AND DICKINSON, J. PIERCE, J., NOT PARTICIPATING.**

**LAMAR, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶26. Almost three years after the chancellor conducted a hearing and entered an order authorizing settlement of claims on behalf of a minor child, the Guardians filed a petition to set aside the settlement. Why? Because they discovered that Carpenter had $1,000,000 in insurance coverage.

¶27. In support of their petition to set aside the settlement, the Guardians failed to present any evidence relevant to Carpenter's liability or the value of their case against Carpenter.

12

The amount of Carpenter's insurance policy is irrelevant to the degree of any alleged negligence by Carpenter and has little or no connection to determining whether a settlement on behalf of this minor is fair and reasonable or in his best interest.

¶28.  In providing a cursory examination of Rule 60(b), a plurality of this Court ignores the express requirement that a movant must file a Rule 60(b)(5) or (b)(6) motion within a *reasonable* time.[6]  This Court has ruled that a "reasonable time is determined on a case-by-case basis, turning on the facts in each individual case."[7]  In determining reasonableness, the court should consider "whether the party opposing the motion has suffered prejudice from the delay and whether the movant can show good cause for failure to act sooner."[8]  We also have ruled that when considering a Rule 60(b) motion, the court *must balance the equities and consider the merits of the motion versus the need to achieve finality*.[9]

¶29.  The Guardians have failed to show good cause (or for that matter *any* cause) to excuse their delay, but have instead blamed their former counsel.  This Court has clearly said that "neither ignorance nor carelessness on the part of an attorney will provide grounds for relief" under Rule 60(b).[10]

---

[6]Miss. R. Civ. P. 60(b).

[7]*Cucos, Inc. v. McDaniel*, 938 So. 2d 238, 245 (Miss. 2006).

[8]*Id.* at 246.

[9]*Lose v. Illinois Cent. Gulf R.R. Co.*, 584 So. 2d 1284, 1286 (Miss. 1991) (emphasis added) (citing *Briney v. U.S. Fid. & Guar. Co.*, 714 So. 2d 962, 968 (Miss. 1998)).

[10]*Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984).

¶30.   Furthermore, Carpenter fully performed her obligation under the settlement agreement, having paid the $25,000 settlement in 2005.  Undoubtedly, she will be prejudiced if the settlement is set aside.  A Rule 60(b) motion should not be granted when it is merely an attempt to relitigate a case which is final in all respects.[11]  I would find that the chancellor abused his discretion in granting the Rule 60(b) motion.

**WALLER, C.J., CARLSON, P.J., AND DICKINSON, J., JOIN THIS OPINION.**

---

[11]*Id.*