# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00663-COA

**JON LUNSFORD, MIKE COOK AND MIPCO, LLC A/K/A MISSISSIPPI INVESTMENT PETROLEUM COMPANY**                                    **APPELLANTS**

**v.**

**PROCESS TECHNOLOGIES SERVICES, LLC**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/28/2014 |
| TRIAL JUDGE: | HON. JACQUELINE ESTES MASK |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | PAUL E. ROGERS |
| ATTORNEYS FOR APPELLEE: | KATHRYN H. HESTER |
| | SAMUEL TRENT FAVRE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DENIED RULE 60(B) MOTION |
| DISPOSITION: | AFFIRMED: 05/31/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., ISHEE AND WILSON, JJ.

### GRIFFIS, P.J., FOR THE COURT:

¶1.     This appeal arises from the Monroe County Chancery Court's denial of Mississippi Investment Petroleum Company's (MIPCO) motion under Mississippi Rule of Civil Procedure 60(b). Following an arbitration award for Process Technologies Services LLC (PTS) and a final judgment from the chancery court, MIPCO filed a Rule 60(b) motion claiming that PTS acted fraudulently during the arbitration proceedings. The chancery court denied this motion. MIPCO now appeals.

### FACTS

¶2.     The parties primarily involved in this litigation are PTS and MIPCO.  PTS is a limited liability company with its principal place of business in Charlotte, North Carolina.  MIPCO, which was originally known as Fuelon, is a company involved in the biofuel industry and is based in Mississippi.

¶3.     After multiple discussions between the principals of MIPCO and PTS, PTS decided to invest in MIPCO.  PTS invested based upon the understanding that MIPCO owned certain equipment used in the biofuel process, that principals Lunsford and Cook had each contributed $600,000 in equipment to MIPCO, and that a secret formula involved in the biofuel process was being transferred to MIPCO.  It came to light that much of what was represented to PTS prior to its investment was not entirely accurate.  In December 2009, PTS filed a Complaint for Recession against MIPCO, seeking to rescind the agreement in which PTS purchased shares of MIPCO.  MIPCO filed a Motion to Compel Arbitration, which the chancery court granted.

¶4.     The matter went before arbitrator Bobby Dallas.  Several arbitration hearings were held throughout 2013.  In October 2013, the arbitrator ruled for PTS and awarded $406,892 as the reimbursement of the investment plus interest.  PTS then requested attorneys' fees in November 2013, which the arbitrator granted.  In requesting attorneys' fees, PTS produced its attorneys' billing statements.  MIPCO claims that through these billing statements, it learned of communications between PTS and the Mississippi Secretary of State's Office.

¶5.     Based on this, MIPCO filed a Rule 60(b)(6) motion arguing that PTS gave untruthful testimony at the hearing regarding its knowledge of a complaint filed against MIPCO with

2

the Secretary of State's Office and that a letter sent to PTS from the Secretary of State's Office should have been produced to MIPCO during arbitration. MIPCO contends that this amounts to PTS obtaining the arbitration award through fraud. The arbitrator denied MIPCO's motion.

¶6. In March 2014, the chancery court confirmed the awards of the arbitrator and entered a final judgment. MIPCO then filed its Rule 60(b)(6) motion with the chancery court in December 2014. The chancery court denied this motion. MIPCO now appeals.

**ANALYSIS**

I. **_Whether the chancery court erred in denying MIPCO's Rule 60(b) motion._**

¶7. MIPCO contends that the chancery court erred in denying the Rule 60(b) motion. The crux of MIPCO's motion is the claim that PTS withheld information about its communications with the Secretary of State's Office that would have impacted MIPCO's defense. MIPCO argues that this amounted to PTS receiving an award through fraud. PTS responds that no fraud was committed and that MIPCO's counsel at the time of the arbitration was aware of correspondence between PTS and the Secretary of State's Office but chose not to pursue it as a tactical decision.

¶8. This Court reviews the refusal of a Rule 60(b) motion under an abuse-of-discretion standard. *M.A.S. v. Miss. Dep't of Human Servs.*, 842 So. 2d 527, 530 (¶12) (Miss. 2003). "[An appellate court is] bound to affirm the chancellor's decision unless it was manifestly wrong, clearly erroneous, or applied an incorrect legal standard." *Carpenter v. Berry*, 58 So. 3d 1158, 1162 (¶16) (Miss. 2011).

3

¶9.     Rule 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) fraud, misrepresentation, or other misconduct of an adverse party;

(2) accident or mistake;

(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;

(6) any other reason justifying relief from the judgment.

M.R.C.P. 60(b).

¶10.    MIPCO argues that it is entitled to relief pursuant to Rule 60(b)(1), (3), and (6). But motions under "reasons (1), (2), and (3)" must "be made not more than six months after the judgment, order, or proceeding was entered or taken." M.R.C.P. 60(b). The chancery court's final judgment was issued on March 28, 2014, and MIPCO filed its Rule 60(b) motion on December 23, 2014, nearly nine months after the final judgment. Therefore, we consider MIPCO's motion under Rule 60(b)(6).

¶11.    A Rule 60(b)(6) motion must be made within a reasonable time. The determination of what constitutes a "reasonable time is considered on a case-by-case basis." M.R.C.P. 60(b); *Carpenter*, 58 So. 3d at 1162 (¶18). The following factors are considered when adjudicating a Rule 60(b)(6) motion:

4

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve a substantial justice; (4) whether the motion was made within a reasonable time; (5) [relevant only to default judgments]; (6) whether[,] if the judgment was rendered after a trial on the merits[,] the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Carpenter*, 58 So. 3d at 1162 (¶18) (brackets in original). "[R]elief under Rule 60(b)(6) is reserved for extraordinary and compelling circumstances." *M.A.S.*, 842 So. 2d at 530 (¶12).

¶12. MIPCO essentially argues that PTS and its attorneys should have revealed that they were in communication with the Secretary of State's Office and that MIPCO was entitled to obtain certain parts of this communication during discovery. MIPCO claims that if it had known about PTS's communications with the Secretary of State, that may have impacted its defense. We are unconvinced by these arguments because it appears from the record that MIPCO's counsel was aware of communications between PTS and the Secretary of State during the arbitration proceedings. Not only was counsel aware, but he requested through email that PTS provide a specific letter sent to PTS from the Secretary of State. When PTS told MIPCO that it knew of no authority which required that it send the letter to MIPCO, MIPCO's counsel responded that it was an issue he would bring before the arbitrator. It appears that he failed to do so and may have chosen not to do so for tactical reasons. The chancellor found that "the information was known to and had been previously raised by MIPCO during the arbitration proceeding." MIPCO has not provided any information through the record or through a response that would show that its counsel was not aware of

5

the communications with the Secretary of State at the time of arbitration.

¶13.    "Rule 60(b) is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies." *M.A.S.*, 842 So. 2d at 530 (¶12).  Rule 60(b) motions will be denied "where they are merely an attempt to relitigate the case."  *Id.*  MIPCO chose not to appeal the arbitrator's findings or the chancery court's final judgment.  The chancellor took this into consideration as well as the fact that "the information which serve[d] as the basis for the . . . motion was available during the arbitration proceedings."

¶14.    Furthermore, we have recognized before "that the trial court is best able to determine whether a fraud has been perpetrated upon it." *Tirouda v. State*, 919 So. 2d 211, 216 (¶12) (Miss. Ct. App. 2005).  The Rule 60(b) motion was brought before the arbitrator and the chancery court, and both denied relief.

¶15.    For the foregoing reasons, we find that the chancellor did not abuse his discretion in denying MIPCO's Rule 60(b) motion.  This issue is without merit.

> **II.    Whether MIPCO and its counsel should be sanctioned under the Litigation Accountability Act and Mississippi Rule of Appellate Procedure 38.**

¶16.    PTS requests that this Court award attorneys' fees and double costs against MIPCO and its attorney as a sanction for a frivolous appeal.  Mississippi Rule of Appellate Procedure 38 states, if the "Court of Appeals shall determine that an appeal is frivolous, it shall award just damages and single or double costs to the appellee."  "The inquiry turns on 'whether a reasonable person would have any hope for success.'"  *Whalen v. Bistes*, 45 So. 3d 290, 295

6

(¶21) (Miss. Ct. App. 2010).  The Court finds that MIPCO's arguments lack merit, but we do not find them frivolous.  Therefore, we decline to award sanctions.

¶17.  **THE JUDGMENT OF THE MONROE COUNTY CHANCERY COURT IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.  JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**