# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00228-COA

IN THE MATTER OF THE ESTATE OF RAY            APPELLANT
CHARLES STATEN, SR., DECEASED: URSULA
C. STATEN

v.

ROBERT H. PEDERSEN, LISA MISHUNE ROSS,        APPELLEES
HARRISON COUNTY, MISSISSIPPI AND
WALTER JOHNSON

| | |
|---|---|
| DATE OF JUDGMENT: | 01/31/2023 |
| TRIAL JUDGE: | HON. JAMES B. PERSONS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | URSULA C. STATEN (PRO SE) |
| ATTORNEYS FOR APPELLEES: | JOE SAM OWEN |
| | WILLIAM E. WHITFIELD III |
| | TIM C. HOLLEMAN |
| | MARK C. CARLSON |
| | JAMES E. WELCH JR. |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | AFFIRMED - 07/23/2024 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**BARNES, C.J., FOR THE COURT:**

¶1. On January 31, 2023, the Harrison County Chancery Court denied Ursula Staten's motion to set aside the court's prior order from April 2018 in which the court denied Staten's request to reopen the estate of her ex-husband. The chancery court held that the claims in her motion were barred by res judicata and the statute of limitations. Staten filed a motion to reconsider or amend the judgment, which the court denied.

¶2.     We find that the majority of Staten's claims, which had been previously considered by the chancery court and not appealed, are waived. We further find no abuse of discretion in the court's denial of Staten's motions to set aside the order and to reconsider, and we affirm.

**PROCEDURAL HISTORY**

¶3.     This appeal originates from a 2013 wrongful-death action filed by the estate of Ray Staten Sr. against Harrison County, Mississippi, and the City of D'Iberville, after Ray died of a perforated ulcer while in the custody of the Harrison County Sheriff's Department.[1] Staten is Ray's ex-wife and was the appointed administratrix of his estate, and attorney Lisa Ross represented the estate in the wrongful-death action. The original complaint was filed with the United States District Court for the Southern District of Mississippi and was subsequently resolved at a settlement conference before a United States Magistrate Judge on March 6, 2015. Staten and the estate's wrongful-death beneficiaries[2] were present at the settlement conference and accepted the negotiated settlement offer of $350,000. All defendants were dismissed either by an agreed order or by a stipulation of dismissal, and an

---

[1] The named defendants were the City of D'Iberville; City Chief of Police Wayne Payne; Mayor Rusty Quave; city council members Teddy Harder, Stephen Furney, Brenda Broussard, and Joey Bosarge; Harrison County; Harrison County Sheriff Melvin Brisolara; Health Assurances LLC and the company's Director of Nursing Kenissa Clark.

[2] The wrongful-death beneficiaries are Ray and Ursula's children: Ray Staten Jr., Torey Staten, and Tenisha Staten Temple. Each beneficiary received $60,269.22 after attorney's fees and claims against the estate were paid. Staten received $26,874.44 as a creditor for unpaid child support.

agreed final judgment of dismissal with prejudice was entered on March 12, 2015.

¶4.    On April 1, 2015, Staten, through the estate's attorney Ross, filed a motion to file under seal the settlement documents, and a hearing was held on April 2.  Staten testified before the chancellor that she believed it was in the best interest of the estate that the claim be settled.  Staten also filed a signed petition to disburse funds, pay claims, close the estate, and discharge her as administratrix.  On April 21, 2015, Chancellor Jim Persons entered a decree approving the wrongful-death settlement, closing the estate, and releasing Staten as administratrix.  On May 1, 2015, Staten and the wrongful-death beneficiaries each signed a release that acknowledged receipt of the $350,000 and the release of all claims made against two defendants, Health Assurance and Clark.

¶5.    In August 2016, Staten filed a pro se complaint with the federal district court against Ross, Robert Pedersen, and Walter Johnson (counsel for the former defendants), Harrison County, and Health Assurances LLC (the county's contracted medical provider for county inmates).  On November 7, 2016, the district court dismissed the complaint for lack of subject matter jurisdiction because Staten had failed to plead a federal claim.[3]  Staten did not appeal the ruling.

---

[3] Staten alleged claims of negligence, gross negligence, legal malpractice, breach of contract, breach of fiduciary duties, breach of good faith and fair dealing, fraud, professional negligence, tortious interference, failure to pursue settlement, failure to advise of settlement offers, civil conspiracy, intentional negligent misrepresentation, negligent omission, misstatement of acts, intentional and negligent infliction of emotional distress, perpetration of fraud upon the court, invasion of privacy (false light), libel, and slander.

3

¶6.     On March 23, 2017, Staten filed a lawsuit in the Harrison County Circuit Court against Ross and Pedersen.   In her complaint, Staten alleged fraud, fraudulent misrepresentation, and legal malpractice.  A hearing was held on July 6, 2017.  Circuit Court Judge Christopher Schmidt admonished Staten for practicing law without a license[4] and dismissed her claims without prejudice.  The court ultimately dismissed Staten's complaint against Ross and Pedersen for lack of standing.  The court also found Staten had failed to "establish any set of facts which would state a viable claim against Peders[e]n and Johnson." Although the circuit court denied the defendants' request for sanctions, the court further "cautioned [Staten] not to file any further lawsuits or claims against Peders[e]n and Johnson based on the same or similar allegations without supporting evidence to support any claims alleged."

¶7.     Back on April 28, 2017, though, Staten had filed a pro se petition in the Harrison County Chancery Court, seeking to reopen the estate because of the pending litigation in the circuit court.  She claimed that Ross had proceeded with the settlement negotiations without the estate's consent and that the estate had "no knowledge" of the agreed judgment of dismissal with prejudice.  On May 31, 2017, the chancery court sua sponte dismissed the petition to reopen the estate without prejudice because Staten was proceeding pro se in an

_____

[4] At that time, Staten was no longer the administratrix of the estate; therefore, she could not make pro se filings in that capacity.

estate matter, which is prohibited under Rule 6.01 of the Uniform Chancery Court Rules.[5]

Staten did not appeal from the court's order.

¶8.    In January 2018, Staten and the wrongful-death beneficiaries filed a second action in the circuit court against Ross, Pedersen, Johnson, and their law firm, Watkins & Eager PLLC, asserting claims similar to those alleged in her prior circuit court lawsuit. Pedersen, Johnson, and Watkins & Eager moved to dismiss under Rules 12(b)(1) (lack of standing) and 12(b)(6) (failure to state a claim) of the Mississippi Rules of Civil Procedure. At the hearing before Circuit Judge Lisa Dodson, Michael Crosby appeared as counsel for Staten and argued against the motions. In May 2018, Judge Dodson granted the defendants' Rule 12(b)(1) motion as to Staten because "Staten has no standing" and granted their Rule 12(b)(6) motion as to Staten and the three wrongful-death beneficiaries because they failed to state an actionable cause against Johnson, Pedersen and Watkins & Eager. Later, by stipulation of dismissal, Lisa Ross, Esq., was dismissed. Staten did not appeal this ruling.

### COURT PROCEEDINGS RELATED TO THIS APPEAL

¶9.    Staten, represented by her attorney Crosby, filed a second motion with the chancery court to reopen the estate and to be appointed estate administratrix on April 27, 2018, and the chancery court entered an ex parte order granting the motion. Ross filed a motion to set aside

---

[5] Rule 6.01 provides that in probate matters, every fiduciary, unless licensed to practice law, must retain an attorney "to represent, advised and assist him during the whole term of his office[.]"

the order, and a hearing was held on May 22, 2018.[6] On June 5, 2018, the chancellor set aside its prior April 27 order reopening the estate, finding Staten's motion was barred by the applicable statute of limitations under Mississippi Code Annotated section 91-7-309 (Rev. 2018) (limiting the time to "open the account of any . . . administrator" to "two years after final settlement"). Staten did not appeal this judgment.

¶10. In September 2019, Staten filed her fifth lawsuit with the federal district court, alleging "a wide variety of causes of action . . . arising under both federal and state law." *Staten v. Harrison County*, No. 1:19-CV-560-KS-RHW, 2020 WL 1644991, at *2-3 (S.D. Miss. Apr. 2, 2020).[7] Finding Staten lacked standing, the district court granted the defendants' motions to dismiss with prejudice. *Id*. at *4-5. The district court also enjoined Staten from "filing additional actions in any state or federal court premised upon the factual allegations asserted in this case and/or the previous cases in this Court." *Id*. at *6. The

---

[6] Although Crosby represented Staten during these particular proceedings, the record indicates that Staten removed him from the present case soon thereafter.

[7] Prior to this action, Staten had filed a pro se motion with the federal district court in November 2018, seeking to set aside the orders of dismissal because counsel (Ross, Pedersen, and Johnson) allegedly had "fraudulently advised the [c]ourt that the estate had settled its claims against Kenissa Clark." Treating her allegations of fraud as a Rule 60(b)(3) motion under the Federal Rules of Civil Procedure, the district court denied the motion because (1) it was untimely; (2) Staten lacked standing to pursue relief on behalf of the estate; and (3) Staten had not proved her allegations of fraud on the court. *Staten v. City of D'Iberville*, No. 1:13CV212-LG-JCG, 2019 WL 13438024, at *1 (S.D. Miss. Mar. 11, 2019). The district court held that "Staten knew before this case was closed (or could have quickly discovered) that the settlement and dismissal included Clark" and finding "no evidence of misconduct by counsel, much less 'egregious misconduct.'" *Id*. at *3. The United States Court of Appeals for the Fifth Circuit later dismissed her appeal for want of prosecution. Order, *Staten v. City of D'Iberville*, No. 19-60164 (5th Cir. Sept. 20, 2019).

United States Court of Appeals for the Fifth Circuit affirmed the district court's ruling but amended the dismissal of Staten's individual capacity claims to be without prejudice and limited the injunction to federal court filings in Mississippi. *Staten v. Harrison County*, No. 20-60329, 2021 WL 5766576, at *3 (5th Cir. Dec. 3, 2021).

¶11. The Fifth Circuit's ruling prompted Staten to file yet another pro se motion with the chancery court on December 22, 2022, seeking to set aside the court's June 5, 2018 order and to reopen the estate. On January 6, 2023, Staten filed a motion to recuse Chancellor Persons, asserting that his prior involvement in the litigation and his personal knowledge of the case disqualified him from presiding over the estate matter. She also filed a motion for a continuance on January 19, 2023.

¶12. A hearing was held on January 26, 2023. Noting that the matters Staten raised "are essentially res judicata," the court issued a bench ruling denying Staten's motions. On January 31, 2023, the chancery court entered its final judgment denying Staten's motion to set aside the June 2018 order, as well as her motion for recusal and motion for a continuance. In denying her motion to set aside its prior order, the court outlined the numerous filings by Staten in state and federal court and concluded:

> No appeal was taken from [the June 5, 2018] Order and no Rule 60(b) motion was properly filed; therefore, it became final and is "res judicata" on any claims of the Estate of Ray Charles Staten, Sr. all being barred by [Mississippi Code Annotated section] 91-7-309. Another four (4) years have passed so the current motion is now filed almost eight (8) years after the [estate] was closed, therefore any claims of the [estate] are still barred by [section] 91-7-309.

The court's order further enjoined Staten "from filing any claims in any Court, State or

7

Federal, against anyone or any entity or taking any actions of any nature on behalf of" the estate or its wrongful-death beneficiaries.

¶13.    Staten filed a "Petitioner Objection/Opposition to Proposed Order and Hearing" on February 1, challenging the court's judgment and reasserting her claim that the chancellor should recuse himself. Treating her petition as a motion to alter or amend the judgment under Rule 59 of the Mississippi Rules of Civil Procedure, the court denied the motion because Staten had failed to "raise any issue of fact or law not considered by this court in its January 2023 order, as well as by the orders of the Harrison County Circuit Court, the United States District Court, and the Fifth Circuit Court of Appeals."

¶14.    Staten filed a notice of appeal on February 28, 2023, challenging the chancery court's January 31, 2023 judgment denying her motion to set aside the court's April 2018 order and its February 2, 2023 judgment denying her petition to alter or amend the judgment.[8] On March 4, 2023, Appellee Harrison County filed a motion to docket and dismiss the appeal for lack of jurisdiction, which was joined by the other appellees. The supreme court denied the appellees' motion to dismiss.

## STANDARD OF REVIEW

---

[8] On February 16, 2023, Staten also filed a "Petition for Review of Denial/Refusal of Recusal, Violation Hearing & Orders, Denial of Due Process" with the Mississippi Supreme Court in appellate case number 2023-M-00179. In her petition, Staten sought to vacate the chancery court's order denying her motion to recuse and to remand the case "for a full and fair [h]earing with another Judge." On April 17, 2023, the supreme court denied Staten's petition.

¶15. "We will not disturb the chancery court's findings if 'supported by substantial evidence unless the court abused its discretion, was manifestly wrong or clearly erroneous, or applied an erroneous legal standard.'" *Bolivar v. Bolivar*, 378 So. 3d 433, 437 (¶18) (Miss. Ct. App. 2024) (quoting *Curry v. Frazier*, 119 So. 3d 362, 365 (¶8) (Miss. Ct. App. 2013)). Our review of a court's denial of a Rule 59 motion "is limited to abuse of discretion." *Est. of Oliver v. Oliver*, 363 So. 3d 664, 684 (¶65) (Miss. Ct. App. 2019). A chancery court's "interpretation and application of the statute of limitations is a question of law" and subject to a de novo review. *Bhana v. Patel*, 376 So. 3d 355, 358 (¶10) (Miss. 2023).

## DISCUSSION

¶16. Although Staten has asserted several issues in her brief, many concern the same rulings and arguments; so we will combine the issues as needed for purposes of clarity and conciseness. First, Staten appeals the chancery court's January 31, 2023, and February 2, 2023 judgments, claiming the court erred in denying her 2022 motion to set aside its prior order from June 5, 2018 (Issues 1 and 2). However, as argued by Appellees Pedersen and Johnson, Staten's motion to set aside the court's order "was essentially one to reconsider the [c]hancellor's June 5, 2018 order," which Staten had not appealed.

¶17. In *Abercrombie v. Abercrombie,* 282 So. 3d 763, 773 (¶33) (Miss. Ct. App. 2019), we held that the movant's failure to appeal a chancellor's ruling from a prior order waived her right to challenge the court's denial of her subsequent motion to set aside the prior order and

to dismiss for lack of jurisdiction. The supreme court has also "emphasize[d] that 'final judgments should not lightly be disturbed' and that a 'Rule 60(b) motion is not to be used as a substitute for appeal.'" *S. Healthcare Servs. Inc. v. Lloyd's of London*, 110 So. 3d 735, 742 (¶15) (Miss. 2013) (quoting *Carpenter v. Berry*, 58 So. 3d 1158, 1162 (¶18) (Miss. 2011)). "Rule 60(b) motions should not be used to relitigate cases." *Id*. at (¶16).

¶18. We find Staten, like the movant in *Abercrombie*, has waived her right to challenge the chancery court's 2023 rulings, as her 2022 motion to set aside the order was simply an attempt to relitigate the same claims considered in the court's June 5, 2018 order. Therefore, we find no error in the court's ruling. We also find no error in the chancery court's denying Staten's Rule 59 motion, which raised issues already considered by the chancellor. *See McNeese v. McNeese*, 119 So. 3d 264, 273 (¶23) (Miss. 2013) (finding no abuse of discretion in the chancellor's denial of the appellant's motion for a new trial or to alter or amend the judgment, as it was "merely an attempt to relitigate the case").

¶19. Staten also argues that the chancery court did not have authority to enjoin her from submitting subsequent filings related to these proceedings with the state and federal courts (Issue 3). In *Vinson v. Benson*, 805 So. 2d 571 (Miss. Ct. App. 2001), this Court held:

> The Mississippi Constitution does not create an unlimited right of access to the courts. *Turrentine v. Brookhaven, Mississippi School Dist.*, 794 F. Supp. 620, 626 (S.D. Miss. 1992). "No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citing *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975)). "[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A., et al.*, 808 F.2d 358, 359 (5th Cir. 1986). We adopt the view

10

of these federal courts that abuse of the judicial process is inappropriate, and hold that this applies whether or not the party committing the abuse pays the filing fees.

*Id*. at 576 (¶18); *accord Davis v. Hinds County*, No. 3:15-CV-874-CWR-LRA, 2017 WL 11450979, at *1 (S.D. Miss. Oct. 25, 2017) (recognizing a court's "broad authority 'to deter vexatious, abusive, and harassing litigation'" (quoting *Baum v. Blue Moon Ventures LLC*, 513 F.3d 181, 187 (5th Cir. 2008))).  Over an eight-year period, Staten has filed numerous complaints and motions against the Appellees, in both state and federal court, all of which sought to set aside the agreed-upon wrongful-death settlement and to reopen the estate outside of the applicable statute of limitations.  Under these circumstances, we find that the chancery court's decision to enjoin Staten from future filings in this matter was not an abuse of discretion.  Also, Staten initially filed her claims against the appellees in 2016 (federal court) and 2017 (state circuit court).  Therefore, even had the court granted her motion and reopened the estate, any viable claims against the Appellees are now barred by the three-year statute of limitations.  *See* Miss. Code Ann. § 15-1-49 (Rev. 2019); *Rankin v. Am. Gen. Fin. Inc.*, 912 So. 2d 725, 726 (¶2) (Miss. 2005) (recognizing that breach of a fiduciary duty, breach of implied covenant of good faith and fair dealing, negligent misrepresentation, fraudulent misrepresentation, and negligence are subject to a three-year statute of limitations pursuant to section 15-1-49).

¶20.    Staten has further waived her claims related to the chancery court's ruling to deny her motions for the chancellor's recusal and for a continuance (Issue 4).  The supreme court

already denied Staten's separately filed "petition for review," which asserted these claims. *See* Order, *Staten*, No. 2023-M-00179 (Miss. Apr. 17, 2021). Additionally, Staten has not asserted any substantive arguments in her brief concerning those rulings. *See Dunn v. Dunn*, 786 So. 2d 1045, 1054 (¶32) (Miss. 2001) (noting the general rule that "issues not raised or addressed" on appeal are deemed waived).

¶21. Issues 5 through 7 are direct attempts by Staten to appeal the chancery court's June 5, 2018 judgment, despite her failure to appeal from that judgment. Therefore, this Court does not have jurisdiction to address these arguments on appeal. *See Thompson v. AAA Cooper Transp.*, 345 So. 3d 1219, 1222 (¶9) (Miss. Ct. App. 2022) ("If the notice of appeal is not timely filed, the appellate court simply does not have jurisdiction.").

¶22. Because Staten's claims are waived or without merit, we affirm the court's judgment.

¶23. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**